FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA 19 JAN 29 PM 12:
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 8:19-cr-33-T36-CPT

   18 U.S.C. § 2252(a)(2)
JACK R. DOVE, III   18 U.S.C. § 2252(a)(4)(B)

# INDICTMENT

The Grand Jury charges:

## COUNT ONE

On or about March 7, 2017, in the Middle District of Florida, and elsewhere, the defendant,

JACK R. DOVE, III,

did knowingly receive a visual depiction using any means and facility of interstate and foreign commerce, including by computer, and that had been shipped and transported in and affecting interstate and foreign commerce, when the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and the visual depiction was of such conduct.

In violation of 18 U.S.C. § 2252(a)(2) and (b)(1).

## COUNT TWO

Beginning on an unknown date, but no later than on or about November 30, 2018, in the Middle District of Florida, and elsewhere, the defendant,

JACK R. DOVE, III,

did knowingly possess and access with intent to view a matter, which contained a visual depiction that had been shipped and transported using any means and facility of interstate and foreign commerce, including by computer, and when the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction was of such conduct, and the depiction involved a prepubescent minor and a minor who had not attained 12 years of age.

In violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).

## FORFEITURE

1. The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of 18 U.S.C. § 2253.

2. Upon conviction of a violation of 18 U.S.C. §§ 2252(a)(2) and 2252(a)(4)(b), the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 2253:

2

    a.    Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of chapter 110;

    b.    Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

    c.    Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

3.    The property to be forfeited includes, but is not limited to, the following: an Alienware laptop computer, a SanDisk thumb drive, and a PNY thumb drive.

4.    If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

                                                    A TRUE BILL,

                                                    _____
                                                    Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
     Lisa M. Thelwell
     Assistant United States Attorney

By: _____
     Amanda L. Riedel
     Assistant United States Attorney
     Acting Chief, Major Crimes Section

4

No. _____

# UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

JACK R. DOVE, III

## INDICTMENT

Violations: 18 U.S.C. § 2252(a)(2)
18 U.S.C. § 2252(a)(4)(B)

A true bill,

_____
Foreperson

Filed in open court this 29th day

of January 2019.

_____
Clerk

Bail $ _____

GPO 863 525