UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                CASE NO. 8:19-cr-33-T-36CPT

v.

JACK R. DOVE, III

    Defendant.
_____/

**DEFENDANT JACK R. DOVE, III'S MOTION TO PROHIBIT INTRODUCTION OF NONDISCLOSED EVIDENCE**

The Defendant Jack R. Dove, III, by and through his undersigned counsel hereby moves this court pursuant to Rule 16(d)(2)(C) for an order prohibiting the introduction of undisclosed evidence and in support thereof states:

1. The Pretrial Discovery Order and Notice of Status Conference (Doc. 26) (hereafter "Discovery Order") was issued in the above case on February 19, 2019. (Doc. 26).

2. Discovery was due by March 7, 2019. The production of discovery has been ongoing.

3. On March 8, 2019 the defendant filed an unopposed Motion to extend time to file pretrial motions. Doc. 27. The court granted that motion and the gave the defendant a new deadline of April 16, 2019. On April 15, 2019 the defendant filed "Defendant Jack R. Dove's Second Unopposed Motion for Extension of Time to File Pretrial Motions" Doc. 33. On April 17, 2019 the Court granted the motion and extended the deadline to file pretrial motions to June 14, 2019. (Doc. 44).

4. On May 30, 2019 and June 7, 2019, the government provided two additional productions of discovery materials. The materials are approximately 3000 pages of documents. After receiving these documents, the defendant filed Jack R. Dove's Third Unopposed Motion to Extend Time to File Pretrial Motions. (Doc. 39)The defendant cited the new 3000 pages of documents and the potential for the government to provide "additional data that, if provided, the defense expert would need to analyze" as reasons for the third extension of time to file pretrial motions. The Court granted the motion for additional time to file pretrial motions (Doc. 40) and set a new deadline of July 29, 2019. The Order also stated "Absent extraordinary circumstances, it is unlikely that this deadline will be extended again for the same reason."

5. In order to obtain a search warrant for Mr. Dove's home the government relied on data maintained by *the website*[1] which was on a server located out of the country. (hereafter the data on the out of the country server will be referred to as "the data") The government has yet to provide the defendant with "the data" for the defense expert to examine and determine its relevance and to see if a good faith challenge to the representations in the search warrant affidavit can be raised. It is anticipated that the government will attempt to introduce "the data" in trial in its' case in chief and in any response to a motion to suppress.  This "data" was purportedly analyzed and incorporated into the search warrant affidavit in November 2018, however, to date, the defense has yet to be able to examine "the data." Accordingly, the defendant requests pursuant to Fed. R. Crim. P. 16(d)(2)(C )

---

[1] The parties are aware of the name of the website, however, because of ongoing investigations the government requested the name of the website not be identified in court filed pleadings and it only be referred to as "*the website*."

     that the Court prohibit the government from introducing the undisclosed evidence in trial or in any court hearing including a motion to suppress.

6. The undersigned counsel has conferred with Assistant United States Attorney Lisa Thelwell numerous times in a quest to get "the data." Ms. Thelwell appears to be doing all she can to obtain the evidence, however, it is in control of the Department of Justice and they are not in compliance with the court's discovery order dated February 19, 2019. (Doc. 26). Further, the defendant learned today there is more discovery the government will be providing more discovery. The Department of Justice is simply not providing discovery in compliance with the court order.

7. The defendant further moves this court to prohibit the government from introducing any other evidence data or otherwise which has not been produced to date. The defendant has moved to continue the deadline to file pretrial motions three times. Meanwhile more discovery continues to be provided. The defendant should not be put in the position to file pretrial motions by guessing what the government's ultimate evidence will be. The defendant cannot comply with court ordered deadlines when the government is not required to comply with court ordered discovery deadlines.

Wherefore, the defendant requests this court prohibit the government from introducing any unprovided data or conclusions reached after reviewing the unprovided data from *the website* in its case in chief in trial and from introducing any unprovided data or conclusions reached after reviewing the unprovided data in any response to a motion to suppress in court or pleadings. Further, the defendant requests this court prohibit the government from introducing any other discovery which has not yet been provided.

Respectfully submitted,

FARMER & FITZGERALD, P.A.


*Timothy J. Fitzgerald*
Timothy Fitzgerald, Esq.
FL Bar No. 0780618
400 N. Tampa St, Suite 950
Tampa, FL 33602
(813) 228-0095
FAX (813) 224-0269
fflawpafedtjf@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically to the following on the 9th day of July, 2019:


AUSA Lisa Thelwell