UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                  CASE NO. 8:19-cr-33-T-36CPT

JACK R. DOVE, III

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO PROHIBIT INTRODUCTION OF NONDISCLOSED EVIDENCE**

The United States hereby responds in opposition to Defendant Jack R. Dove, III's *Motion to Prohibit Introduction of Nondisclosed Evidence* ("Motion to Exclude"). Doc. 41. In his motion, the defendant seeks to "prohibit[ ] the introduction of undisclosed evidence." For the reasons set forth below, the defendant's motion should be denied.

## I.     PROCEDURAL HISTORY

1.     On or about December 3, 2018, the defendant was arrested on a criminal complaint charging him with receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Doc. 1.

2.     The defendant appeared for an initial appearance on December 3, 2018, and the court granted conditions of release pending trial. Docs. 3,11.

3. On or about January 29, 2019, a federal grand jury charged the defendant in a two-count indictment. Doc. 17. Count One charges the defendant with receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2). Doc. 17. Count Two charges the defendant with possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). Doc. 17.

4. Trial is scheduled to commence during the August trial term, which begins on August 5, 2019. Docs. 37, 38.

## II.   RELEVANT FACTUAL BACKGROUND

*Initial Investigation*

5. Law enforcement officers became aware of the defendant while conducting an international, multi-jurisdictional, and multi-agency investigation. Investigators identified a Tor[1] network-based child pornography website (hereinafter "The Website") that operated on the darknet.[2] The server for The Website, which has been seized by law enforcement, was physically located in South Korea.

---

[1] Tor is a computer network designed to facilitate anonymous communication over the Internet.

[2] A darknet, also sometimes inaccurately referred to as the dark web or the deep web, is any online network that is accessible only through the use of specific software, configurations, or authorization, and not generally accessible to users of the public, "open" internet. All darknets require specific software or network configurations, such as Tor, to access them.

6. Investigators analyzed the data contained on The Website server and identified the defendant as an individual who had created an account with The Website and used Bitcoin[3] to pay to download child-pornographic videos from The Website.

7. On or about November 30, 2018, HSI Tampa executed a search warrant at the defendant's residence in Lakeland, Florida. Agents seized multiple electronic devices from the residence. A forensic review of the defendant's devices revealed evidence that corroborated the defendant's use of The Website. Specifically, the defendant had Tor downloaded and installed on his computer, and possessed videos that had been downloaded from the website. Forensic analysts also found the Tor-based web address for The Website, along with his username, stored on the same electronic device that contained the child-pornographic videos that the defendant had downloaded from The Website.

*The Government's Disclosures*

8. Discovery in this case is voluminous and, while near complete, ongoing.

---

[3] Bitcoin is a type of virtual currency, circulated over the internet. Bitcoin are not issued by any government, bank, or company, but rather are controlled though computer software operating via a decentralized, peer-to-peer network. Bitcoin is just one of many types of virtual currency.

9. On or about February 19, 2019, the court issued a pretrial discovery order and scheduled this case for trial during the April 2019 trial term. Doc. 26.

10. On or about February 21, 2019, the United States' provided initial discovery to the defendant.

11. On or about March 12, 2019, defense counsel emailed the undersigned Assistant United States Attorney requests for additional discovery items. Specifically, as it relates to the defendant's Motion to Exclude, the defendant requested a "copy of the additional data 'received'" as described in paragraph 29 of the search warrant affidavit.

12. In response to defense counsel's March 12 email, the United States provided supplemental discovery to the defendant on or about March 21, 2019. This disclosure included an excel spreadsheet of the data that had been extracted from The Website server. This spreadsheet is the "additional data" that the agent described in the search warrant affidavit.

13. On or about May 7, 2019, a defense attorney expert met with the HSI Tampa case agent and forensic team to exercise the defendant's right to view and inspect the electronic evidence seized from the defendant's devices.

14. On or about May 22, 2019, defense counsel emailed the undersigned Assistant United States Attorney requesting "the data linking the[ ] [child

pornography] downloads to 'DOVE'"[4] as described in the search warrant affidavit.

15. On or about June 4, 2019, and June 7, 2019, the United States provided supplemental discovery to the defendant.

16. On or about June 11, 2019, defense counsel met with the case agent at HSI Tampa to view the child-pornographic files found on the defendant's electronic devices.

17. On or about July 8, 2019, a mirror image copy of a portion of The Website server was shipped to HSI Tampa. This hard drive contains nearly eight terabytes of data. HSI Tampa received this shipment on or about July 9, 2019, and the United States disclosed receipt of this evidence to the defendant.

18. On or about July 10, 2019, the United States provided supplemental discovery to the defendant. In its disclosure, the United States advised the following:

> "HSI is in custody of physical evidence seized from the defendant. Pursuant to 18 U.S.C. § 3509(m), the electronic data seized from the defendant's electronic devices that contain child pornography, as well as a mirror image copy of The Website server, are in the custody of the HSI Tampa.[5] **The server contains information related to other known and unknown targets of this ongoing multijurisdictional, nationwide, investigation, and as such, it will remain in the care, custody, and control of the government at HSI Tampa.** This data, however, is available

---

[4] "DOVE downloads" is the file name of the spreadsheet described in paragraph 12.
[5] HSI Tampa received a mirror image copy of half of The Website Server today, July 9, 2019. I will notify you immediately upon the arrival of the remainder of the server.

for inspection, viewing, and examination at HSI Tampa by the defendant, his attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial. *See* 18 U.S.C. § 3509(m)(2)(A). If the defendant wishes to exercise his right to inspect, view, or examine any evidence in HSI's custody, please contact myself or the case agent..."

19. On or about July 10, 2019, a mirror image copy of the remaining portion of The Website server was shipped to HSI Tampa. This hard drive contains nearly eight terabytes of data. HSI Tampa received this shipment on Friday, July 11, 2019.

20. On or about Monday, July 15, 2019, the United States confirmed that the remainder of The Website server was in HSI Tampa's custody and emailed notice of its arrival to defense counsel on that same date.

21. The undersigned Assistant United States Attorney is in communication with defense counsel to coordinate a date for the defendant's expert to view/inspect The Website server at HSI Tampa, pursuant to 18 U.S.C. § 3509(m).

22. Apart from formal letters of disclosure to defense counsel, the undersigned Assistant United States Attorney has had numerous candid conversations with defense counsel regarding discovery and the evidence in this case.

### III.  MEMORANDUM OF LAW

Even if the Court finds a discovery violation, exclusion of evidence obtained from The Website server is an inappropriate sanction under the facts and circumstances of this case. Under Fed. R. Crim. P. 16(d)(2), the district court has four options for failure to comply with a party's discovery obligations:

(A)  order the party to permit the discovery or inspection; specify its time, place, and manner and prescribe other just terms and conditions;

(B)  grant a continuance;

(C)  prohibit that party from introducing the undisclosed evidence; or

(D)  enter any other order that is just under the circumstances.

*See* Fed. R. Crim. P. 16(d)(2) (2002). "As a general rule, the district court should impose the least severe sanction necessary to ensure prompt and complete compliance with its discovery orders." *United States v. Turner,* 871 F.2d 1574, 1580 (11th Cir. 1989). While the district court has the power to exclude evidence, "exclusion of relevant evidence is an extreme sanction." *Turner*, 871 F.2d at 1580 (citing *United States v. Euceda-Hernandez,* 768 F.2d 1307, 1313-14 (11th Cir. 1985)). Rule 16 is intended to protect the defendant's right to a fair trial, not to punish the government. *United States v. Rodriguez*, 799 F.2d 649, 654 (11 Cir. 1986).

There are several factors the district court should consider in deciding to impose a sanction for a discovery violation, which include: "reasons for the delay in complying with the discovery order, whether there was any bad faith on the

7

part of the prosecution, prejudice to the defendant, and the availability of a means to cure the prejudice, including continuances and recesses." *Id*. (citing *United States v. Fernandez*, 780 F.2d 1573, 1576). *See Euceda-Hernandez*, 768 F2d. 1307 (trial court abused discretion in excluding evidence that was produced three days prior to trial). When the court consideres all the factors, the appropriate remedy is not exclusion of the evidence. Rather, a continuance is the least severe sanction for any discovery violation that may have occurred in this case.

      First, the United States has made every effort to promptly disclose evidence in compliance with the court's discovery order. The evidence in this case stems from an international, multi-jurisdictional, and multi-agency investigation. The defendant is one of many individuals who have been charged in connection with the evidence seized from the Website server.[6] The investigative agents and Department of Justice attorneys serving as the point of contact for this nationwide investigation are not only responsive to the undersigned's requests, but to all discovery requests from the many different federal prosecutors across the nation who are prosecuting individuals in connection with evidence seized from The Website. Furthermore, the child-pornographic videos alone accounted for nearly seven terabytes of data that was stored on The Website's server. As a point of

---

[6] Law enforcement has identified over 150 United States-based individuals associated with The Website.

comparison, seven terabytes of data would fill roughly 10,486 CD-ROM discs. The entirety of The Website server is nearly 16 terabytes of data. It takes significant time and resources to produce an image copy of this extensive amount of data.

Second, there is no evidence (and the defendant points to none) that there was any bad faith on the part of the prosecution in the delay of the production of the server. Upon the defendant's request, the United States made diligent efforts to obtain a mirror image copy of The Website server so that the defendant's expert would be able to view/inspect the data at HSI Tampa. As of the date of this filing, the server is in the custody of HSI Tampa and defense counsel is making arrangements for his expert to view/inspect the data.

Third, there is no prejudice to the defendant caused by the delay in access to the copy of The Website server and he fails to articulate any prejudice in his Motion to Exclude. Additionally, it is anticipated that the defendant will move to continue the trial from the August trial term for unrelated matters. Assuming the court grants the defendant's request for a continuance for the unrelated matter alone, the defense expert will have the time necessary to view/inspect the data contained on The Website server.

Fourth, the remedy for any alleged violation is a continuance—not exclusion. The United States continues to fulfill its continuing obligation to

provide discovery to defense counsel pursuant to Rule 16(c). A continuance of the August trial date will provide defense counsel with the opportunity to have his own expert view and inspect the data contained on The Website server. According to defense counsel's third unopposed June motion to extend time to file pretrial motions, doc. 39, the server data is necessary for defense counsel to determine whether a basis for pretrial motions exist.  On or about June 10, 2019, the court granted the defendant's third motion to extend and stated that "absent extraordinary circumstances, it is unlikely that [the July 29, 2019] deadline [to file pretrial motions] will be extended again for the same reason." Doc. 40. Given the uniqueness of this case, complexity of the evidence, and volume of discovery, the United States asserts that extraordinary circumstances exist to extend the defendant's deadline to file pretrial motions, if he so chooses to move. A brief continuance will not only cure any alleged discovery violation but will allow defense counsel the opportunity to finalize whether pretrial motions are appropriate in this case.

## IV.  CONCLUSION

WHEREFORE the United States respectfully requests this Court enter an order denying the Defendant's Motion to Exclude Evidence. Doc. 41. Alternatively, if the Court finds that sanctions are necessary, the United States requests that the court impose a continuance to cure any alleged violation.

        Respectfully submitted,

        MARIA CHAPA LOPEZ
        United States Attorney

By: *s/ Lisa M. Thelwell*
     Lisa M. Thelwell
     Assistant United States Attorney
     Florida Bar No. 100809
     400 N. Tampa Street, Suite 3200
     Tampa, Florida 33602-4798
     Telephone:  (813) 274-6000
     Facsimile:   (813) 274-6103
     E-mail: lisa.thelwell@usdoj.gov

U.S. v. Jack R. Dove, III	CASE NO. 8:19-cr-33-T-36CPT

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Timothy Fitzgerald, Esq.

>By: *s/ Lisa M. Thelwell*
>Lisa M. Thelwell
>Assistant United States Attorney
>Florida Bar No. 100809
>400 N. Tampa Street, Suite 3200
>Tampa, Florida 33602-4798
>Telephone:  (813) 274-6000
>Facsimile:   (813) 274-6103
>E-mail: lisa.thelwell@usdoj.gov