UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                          CASE NO. 8:19-cr-33-T-36CPT

v.

JACK R. DOVE, III

    Defendant.
_____/

**DEFENDANT JACK R. DOVE'S SIXTH UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE PRETRIAL MOTIONS**

The defendant, Jack R. Dove, by and through undersigned attorney hereby moves pursuant to Fed. R. Crim. P. 12(c)(2) for his sixth extension of time to file pretrial motions and in support thereof states:

1. The Pretrial Discovery Order and Notice of Status Conference (Doc. 26) (hereafter "Discovery Order") was issued in the above case on February 19, 2018.

2. On March 8, 2019 the defendant filed an unopposed Motion to extend time to file pretrial motions. (Doc. 27). The court granted that motion and the gave the defendant a new deadline of April 16, 2019. On April 15, 2019 the defendant filed "Defendant Jack R. Dove's Second Unopposed Motion for Extension of Time to File Pretrial Motions" (Doc. 33). On April 17, 2019 the Court granted the motion and extended the deadline to file pretrial motions to June 14, 2019. (Doc. 34).

3. On May 30, 2019 and June 7, 2019, the government provided two additional productions of discovery materials. The materials are approximately 3000 pages of documents. The

    defense noted this discovery and the need for a defense expert to analyze yet unprovided data as a basis to request a 45-day extension (from June 14, 2019 to July 29, 2019) of the deadline to file pretrial motions. The Court granted the motion for additional time to file pretrial motions (Doc. 40) and set a new deadline of July 29, 2019. The Order also stated "Absent extraordinary circumstances, it is unlikely that this deadline will be extended again for the same reason."

4. On July 9. 2019 the defendant filed "Defendant Jack R. Dove, III's Motion to Prohibit Introduction of Nondisclosed Evidence" (Doc. 41) In this motion the defendant moved to exclude evidence that had not been provided by the government. The motion stated in part:

> In order to obtain a search warrant for Mr. Dove's home the government relied on data maintained by *the website* which was on a server located out of the country. (hereafter the data on the out of the country server will be referred to as "the data") The government has yet to provide the defendant with "the data" for the defense expert to examine and determine its relevance and to see if a good faith challenge to the representations in the search warrant affidavit can be raised. It is anticipated that the government will attempt to introduce "the data" in trial in its' case in chief and in any response to a motion to suppress. This "data" was purportedly analyzed and incorporated into the search warrant affidavit in November 2018, however, to date, the defense has yet to be able to examine "the data." Accordingly, the defendant requests pursuant to Fed. R. Crim. P. 16(d)(2)(C ).

(Doc. 41)

5. On July 15, 2019 the government filed "United States' Response in Opposition to Defendant's Motion to Prohibit Introduction of Nondisclosed Evidence." (Doc. 46). In the response the government indicated that it advised the defense on July 15, 2019 that the full server had arrived in Tampa and was at HIS office. The government requested the court deny the motion to prohibit the introduction of nondisclosed evidence and pointed

out to the court "The entirety of The Website server is nearly 16 terabytes of data. It takes significant time and resources to produce an image copy of this extensive amount of data." (Doc. 46). The government further argued the remedy for the discovery violation should be a continuance, not exclusion of evidence. The government noted:

> Given the uniqueness of this case, complexity of the evidence, and volume of discovery, the United States asserts that extraordinary circumstances exist to extend the defendant's deadline to file pretrial motions, if he so chooses to move.

(Doc. 46). The government recognized the amount of discovery and unusual circumstances of the case.

6. At a status conference on July 16, 2019 the court granted a defense motion to continue the trial and to also continue the deadline to file pretrial motions to August 19, 2019. The same day the court denied the "Motion to Prohibit the Introduction of Nondisclosed Evidence", without prejudice.

7. The defense contacted their expert and started coordinating time with the government. The Defense expert had to testify in two trials and the parties were able to agree on August 15, 2019 as the day for the expert to go to HSI offices to examine the hard drives. The servers consist of two six terabytes hard drives. These hard drive contain compressed data not normal data making the contents of the hard drives significantly larger than 12 terabytes. The defense expert and the government's local HSI expert (not the individual who looked at the hard drives for investigative purposes) examined the hard drives. Given the substantial amount of data on the hard drives the experts agreed it would take a significant amount of time to examine the drives to find the data allegedly related to Mr. Dove. The government expert believed it might take as long as one year of work to locate

the data. The defense expert was slightly more optimistic indicating it would take several months of examination to locate the data related to Mr. Dove. The size of the server and the storage method of the server complicate the matter. Also, the majority of the folders are in the Korean language and a Korean speaker may be necessary to assist in the investigation. The local government expert indicated it took the government experts about one year to search the server.

8. The local government expert indicated that the process could be sped up if the government's out of town expert that examined the files and found data that the government contends ties Mr. Dove to the server, were to direct the defense where he found the data. To that end AUSA Lisa Thelwell has reached out to the government's Washington D.C. expert who initially search the server and he has agreed to assist the defense expert in examining the server which should significantly speed up the search.

9. On August 16, 2019 the defendant filed his fourth motion to extend time to file pretrial motions.(Doc. 53) The Court granted the motion and extended the deadline for pretrial motions to October 28, 2019. (Doc. 54) The defendant was unable to pay the costs of the expert and on September 10, 2019 the defendant filed a motion for authorization to access CJA funds to hire the expert. The defendant does not yet have access to funds for the expert to examine the server. The Eleventh Circuit Court of Appeals authorized funds for the expert on November 18, 2019. Counsel for the defendant, the expert for the defendant, the government through AUSA Lisa Thelwell and the expert for the government participated in a conference call on November 26, 2019. During this call it was determined that the server located in Washington D.C. would be examined by the

      defense expert. The experts agreed the forensic examination would take place within the next two weeks with the experts coordinating calendars.

10. Based on the foregoing the defense requests this court again extend the time to file pretrial motions and request the court set a new date of January 6, 2020.

11. The government, through AUSA Lisa Thelwell has no objection to this motion.

WHEREFORE, the defendant requests authorization to file pretrial motions in the above captioned case be extended until January 6, 2020.

                                      Respectfully submitted,

                                      FARMER & FITZGERALD, P.A.

                                      *Timothy J. Fitzgerald*
                                      Timothy Fitzgerald, Esq.
                                      FL Bar No. 0780618
                                      400 N. Tampa St, Suite 950
                                      Tampa, FL 33602
                                      (813) 228-0095
                                      FAX (813) 224-0269
                                      fflawpafedtjf@aol.com

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically to the following on the 29th day of November, 2019:

AUSA Lisa Thelwell