UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CASE NO. 8:19-cr-33-T-36CPT

JACK R. DOVE, III

    Defendant.
_____/

**DEFENDANT'S MOTION FOR A
HEARING PURSUANT TO *FRANKS v. DELAWARE*[1]**

COMES NOW, the Defendant, Jack R. Dove III, by and through undersigned counsel, and respectfully moves this Court, pursuant to Rule 12 (b)(1) and Rule 41 of the Federal Rules of Criminal Procedure and the Fourth Amendment to the United States Constitution, for a *Franks* hearing and, following the hearing, an order suppressing and excluding all evidence, physical and testimonial, obtained or derived from or through or as a result of the unlawful search and seizures which occurred on or about November 30, 2018, at 721 Powder Horn Row Lakeland, Florida. In support thereof the defendant requests a *Franks* hearing because the home was searched pursuant to a court authorized search warrant (Attached Ex. A), and the "affidavit in support of search warrant" (Attached Ex. B, Hereafter "affidavit") omitted material facts and contained statements made in reckless disregard for the truth which, when omitted/added from/to the affidavit would have changed the magistrate's decision to sign the search warrant authorization. In support of this request, undersigned states the following:

---

[1] *Franks v. Delaware* 483 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978)

**1. Background**

On November 30, 2018 law enforcement officers executed a search warrant (Ex. A) on 721 Powder Horn Row, Lakeland Florida, the home[2] Jack R. Dove, III, shared with his wife and mother. Law enforcement officers submitted an affidavit in order to obtain the search warrant for the home. (Ex. B). The affidavit contains statements made in reckless disregard for the truth and omits material facts. Based on the flawed affidavit the search warrant request was granted. (Ex. A) The defendant seeks a *Frank'*s hearing in order to establish the statements made in reckless disregard for the truth and the material omitted facts resulted in the issuance of a search warrant, which otherwise would not have been issued. Following that hearing the defendant will request the court suppress evidence seized in violation of Mr. Dove's Fourth Amendment rights. The evidence the defendant seeks to suppress includes computers, computer equipment, cellular telephones, digital storage devices, all other seized items and law enforcement agents' observations of the home.

The statements made in reckless disregard for the truth included the affiant's conclusion that "DOVE" downloaded child pornography and inaccurate credit card information provided in the affidavit. The materially omitted information include that another person had their credit card information attached to the BTC coin account and it may have been used for the purchase of child pornography. Additionally, important information regarding the IP address was also omitted from the affidavit. Throughout this motion the term "subject premises" will refer to 721 Powder Horn Row, Lakeland, Florida and the phrase "The Website" refers to the website referenced in the search warrant affidavit in footnote 5 page 1 (Exhibit B).

---

[2] Mr. Dove and his family no longer reside at this address so the document is compliant with Fed. R. Crim. P. 49.1.

**2. Affidavit contents**

**a. Generally**

The affidavit generally asserts the following:

- A Bitcoin (BTC") account was established with a U.S. based BTC exchange on November 16, 2016 under the name "Jack Dove". (Ex. B ¶ 27).

- The BTC exchange records reflect the address of Jack R. Dove, III at 721 Powder Horn Row, Lakeland, Florida associated with the account. (Ex. B ¶27).

- The BTC exchange records reflect an email address jdove@totalonguardprotection.com. (Ex. B ¶27).

- The BTC exchange records reflect a telephone number associated with DOVE. (Ex. B ¶ 27).

- The BTC exchange records reflect an IP address associated with 721 Powder Horn Row. (Ex. B ¶ 27).

- Three credit cards were associated with the BTC exchange account and two of the credit cards had the billing address of 721 Powder Horn Row. (Ex. B ¶28).

- The BTC exchange account had transactions with a website which is identified as "The Website" in the affidavit. (Ex. B ¶29).

- The affidavit asserts "The Website" contains child pornography, child erotica and *adult pornography*. (Ex. B ¶18).(emphasis added).

- "Based on the instant investigation as described further herein, there is probable cause that an internet user associated with the SUBJECT PREMISES has engaged in BTC transactions with BTC addresses within The Website cluster, in amounts

3

that appear to be consistent with payments for "points" on The Website." (Ex. B ¶26).

- Throughout the affidavit, the affiant referred to the defendant, Jack R. Dove, III, as **DOVE** at least 11 times in the affidavit. See generally attached Ex. B:

    1. "A check of the Florida Driver and Vehicle Information Database revealed Jack R. **DOVE**, III has a valid driver's license registered to Subject Premises." (Ex. B ¶31).
    2. "According to records, **DOVE** purchased the SUBJECT PREMISES in or around March 2011." (Ex. B ¶32).
    3. "Vehicle is not registered to SUBJECT PREMISES however it is registered to an individual associated with **DOVE** and his business. **DOVE** is the primary driver of the vehicle."(Ex. B ¶34).
    4. "On November 13, 2018, **DOVE**'s black two door dodge vehicle did not return to the SUBJECT PREMISES and had been away from the SUBJECT PREMISES until Saturday, November 17, 2018.(Ex. B ¶36).
    5. On or about Sunday, November 18, 2018, **DOVE** left the SUBJECT PREMISES again, this time **DOVE** drove the second vehicle associated with the SUBJECT PREMISES.(Ex. B ¶37).
    6. On or about Sunday, November 24, 2018, **DOVE** left the SUBJECT PREMISES again, this time in the black Dodge, on or about (with no luggage or bags observed) and has not yet returned. (Ex. B ¶38).
    7. **DOVE** departs and arrives at the SUBJECT PREMISES at varying times throughout the day.(Ex. B ¶39).
    8. Based on the following, I believe that **DOVE** likely displays characteristics common to individuals who possess or access with intent to view child pornography. He likely keeps any child pornography at the SUBJECT PREMISES, inside his vehicle(s), or, at times, on his person, to enable **DOVE** to view child pornography in hard copy of electronic form. (Ex. B ¶42).

**b. Statements made in reckless disregard for the truth**

The affidavit contains several statements made in reckless disregard for the truth including inaccurate credit card information and assertions of actions by DOVE with no evidence.

1. **Bitcoin account linked to credit/debit cards numbers not belonging to Dove**

   Paragraph 28 of the affidavit states:

   The search warrant affidavit contained information about credit/debit cards:

   a. Master card debit card ending in 2019 issued by the Bank of America with billing address: **SUBJECT PREMISES**
   b. Master card ending in 2020, issued by Citibank with billing address**: SUBJECT PREMISES**
   c. Master card debit card ending in 2021 issued by Bank of America.

(Ex. B ¶28).

The reference to card ending numbers do not match any card the defendant has ever owned. The card ending numbers listed above are 2019, 2020 and 2021. These appear to be expiration dates not card numbers. The affiant provided incorrect cards ending numbers to the court. These statements regarding the credit cards needs to be removed from the affidavit and the search warrant application needs to be examined *de novo*.

   **2.No basis for the assertion DOVE downloaded child pornographic videos**

   In Ex. B ¶30 the affiant stated:

   "On or about October 9, 2018, I received additional data that had been extracted from The Website, which revealed that **DOVE** had downloaded approximately 20 child-pornographic videos on or about August 10, 2017 and approximately 18 child-pornographic videos on or about September 3, 2017. Examples of these files include:
   a. On or about August 10, 2017, **DOVE** downloaded a video file titled "_2016_09_20 _21-37-34 (2).mp4." This video is approximately two minutes and 30 seconds in length.
   b. On August 10, 2017 DOVE downloaded a video file titled "1st-bj-KO_EDITED @_.mp4"
   c. On or about September 3, 2017, **DOVE** downloaded a video file titled "9yo anal-suck-vaginal-good.mp4"

(In subparagraphs 30a, 30b and 30c the affiant goes on to describe videos, which, based on the affiant's description, appear to be child pornography).

The statements in Paragraphs 30, 30a, 30b and 30c that alleged "DOVE" had downloaded approximately 20 child-pornography videos on or about August 10, 2017 and approximately 18 child-pornographic videos on or about September 3, 2017 as well as the corresponding sub-paragraphs (a, b and c) of paragraph 30 which explicitly identify some videos were made in reckless disregard for the truth. As stated earlier the affiant refers to Jack R. Dove as "DOVE" throughout the affidavit. At the time of the affiant's submission of the affidavit the government's evidence linking the alleged offense to Jack R. Dove, III was merely the creation of a BTC account under Dove's name and some affiliating data with the account. The affiant did not know what person or persons downloaded the videos, nevertheless the affiant asserted to the court that "DOVE" downloaded the videos."(Ex. B ¶30.)

The government has not provided any evidence through discovery that was in their possession prior to the execution of the search warrant which shows DOVE (Jack R. Dove, III) downloaded child pornography as alleged in paragraph 30. Moreover, the affiant acknowledges within the affidavit itself that the affiant is not aware of who downloaded videos or who conducted transactions with "the Website" by stating:

> "Based on the instant investigation as described further herein, there is probable cause that **an internet user associated with the SUBJECT PREMISES** has engaged in BTC transactions with BTC addresses within The Website cluster, in amounts that appear to be consistent with payments for "points" on The Website.

(Ex. B ¶26)(emphasis added).

Affiant acknowledges in paragraph 26 that affiant had no knowledge who was conducting the BTC transactions with the website and refers to the suspect as "an internet user." Four paragraphs later, in paragraph 30, affiant affirmatively states "DOVE" downloaded child pornography. Affiant had

no evidence to affirmatively state that "DOVE", (identified by affiant as Jack R. Dove, III) downloaded the videos identified in paragraph 30. Paragraph 30 should be excised from *de novo* review of the search warrant application.

c.  **Material omissions**

>  **I. Credit/Debit Card Ownership**

The affidavit fails to contain pertinent information known to the affiant at the time of the presentation of the affidavit that should have been provided for the issuing magistrate's consideration. These pertinent facts include that some if not all of the credit/debit cards that affiant claims were affiliated with the BTC account belonged to at least one other person, Sandra Guimond (Mr. Dove's mother). Affiant acknowledges she was aware the credit/debit cards used on the BTC account were in fact owned by Sandra Guimond in affiant's report of her interview of Ms. Guimond, which was conducted in conjunction with the execution of the search warrant on November 30, 2018. The report includes the statement:

> "SA Garcia explained the reason for the search warrant is because **somebody used her banking account** and their internet at this address to purchase child pornography."
>
> (Ex. C Report by S.A. Tavey Garcia)(emphasis added).

The affiant further failed to disclose to the issuing magistrate that all cards linked to the BTC account had multiple user names. This statement by S.A. Garcia in her report (Ex. C) further bolsters the inappropriate conclusion in paragraph 30 that DOVE downloaded child pornography. This statement indicates that at the time of serving the search warrant the affiant still does not know who downloaded the child pornography alleged in paragraph 30 and the affiant merely refers

"somebody" as the individual that used Guimond's banking account and "their internet at this address" to purchase child pornography. This material omission should be added to the search warrant affidavit for *de novo* review.

### II. IP address

In attempting to tie the IP address listed on the BTC documents to the SUBJECT PREMISES in the affidavit the affiant informed the court:

> On or about October 5, 2018, pursuant to a summons, a representative of Charter Communications provided subscriber information for IP Address 70.127.40.255. The response to the summons revealed that between on or about June 6, 2017, and on or about August 18, 2017 IP address 70.127.40.255 was associated with "Jack Dove" at the **SUBJECT PREMISES**.

Attached Ex. B ¶33.

The above referenced summons/subpoena requested the following:

> Pursuant to an ongoing child exploitation investigation, please provide any and all records regarding the identification of the current or former subscriber/customer of the Time Warner Cable/Charter Communications account, below, to include, but not limited to: name(s) and address(es), **date account created**, account status, E-mail address(es), alternate screen name(s)/E-mail address(es), alternate telephone number(s), last known IP address(es), all available IP address logs, all devices (make and model) including Wi-Fi hot spots associated, billing information/method of payment/source of payment (please include credit card and/or bank account numbers), length of service, account logins, and account profile.
>
> IP address: 70.127.40.255
> Accessed on 11/16/2016, 11/17/2016, 12/29/2016, 12/30/2016, 01/06/2017, 02/01/2017, 08/06/2017, 08/08/2017, 08/09/2017, 08/13/2017, and 08/23/2017

(Attached Ex. D) (emphasis added).

In the response to the August 15, 2018 subpoena (Attached Ex. E) Charter Communications indicates that the IP address start date for the account is after the creation of the BTC account and,

8

more importantly, the IP address end date is before at least one of the alleged downloading of child pornography alleged in ¶30.

| Assertion | Start date | Last date |
|---|---|---|
| SW affidavit BTC account engaged in transactions within "The Website" cluster Ex. B ¶29 | November 16, 2016-account creation date | **August 23, 2017** |
| SW Affidavit Child Porn download date Ex. B ¶30 | August 10, 2017 | September 3, 2017 |
| Charter Communications Subpoena response 10/5/18 regarding IP address Ex. E | June 6, 2017 | **August 18, 2017** |

According to the Charter Communications records (Attached Ex. E -emphasis added) IP address 70.127.40.255 is first attributed to Jack R. Dove, III and the SUBJECT PREMISES over six months after the creation of the BTC account (which is allegedly tied to "The Website") and this IP address account is terminated two weeks before the last alleged act of downloading of child pornography. The Charter Communications records show IP address 70.127.40.255 is not tied to Jack Dove or the SUBJECT PREMISES on the date the affiant alleges (Ex. B ¶30) 18 child pornographic videos were downloaded. The affiant should have informed the issuing magistrate judge of this fact.

Additionally, in paragraph 33 of the affidavit the affiant's reliance on the Charter Communication records to tie the IP address 70.127.40.255 to the subject premises is tainted because of information that should have been provided to the issuing magistrate judge. The affiant failed to inform the court that in the subpoena response from Charter Communications the company cautioned that the records may not be reliable, stating:

> Charter's billing and customer records from which the above information is obtained are subject to human error and Charter cannot always guarantee the accuracy of such records. You should not rely solely on this information and should always independently corroborate the information Charter provides with other information you have concerning the identity of the individual.

(Exhibit E)(highlighting added).

The material omissions from the affidavit include that Charter Communications indicated their records were not to be relied upon without independent corroboration and, that even if the records are relied upon, the records showed the IP address 70.127.40.255 was not assigned to Jack R. Dove, III at the Subject Premises at the time of the creation of the BTC account nor was it assigned to Jack R. Dove, III at the Subject Premises at the time of the alleged downloading of 18 child pornographic videos. In *de novo* review of the search warrant application the magistrate judge should consider these material omissions.

### 3. Legal argument

#### a. *Franks* Law

The Supreme Court instructed in *Franks v. Delaware* that:

> [W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.

*Franks* 438 U.S. 154, 155-56 (1978). *Franks* applies not only to knowing or intentional false statements in a warrant affidavit, but also extends to material omissions made intentionally or with

reckless disregard for the truth. This applies to statements of the affiant and other government personnel consulted by the affiant. *See United States v. Martin*, 615 F.2d 318, 329 (5th Cir.1980); *United States v. Brown*, 298 F.3d 392, 407-08 (5th Cir. 2002). When purged of its statements in reckless disregard for the truth and supplemented by its material omissions, the Affidavit fails to provide the necessary probable cause to believe that Mr. Dove had engaged in criminal activity inside the home to support issuance of the search warrant for 721 Powder Horn Row Lakeland Florida. The Defendant requests an evidentiary hearing, pursuant to *Franks v. Delaware*, wherein the statements made with reckless disregard for the truth and willful omissions described in the memorandum of law can be established.

### b. Elimination of statements made in reckless disregard for the truth leaves insufficient probable cause to issue the search warrant

The Fourth Amendment provides that "the right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated." The search of Mr. Dove's home was in violation of his Fourth Amendment rights. The exclusionary rule prohibits introduction into evidence of tangible materials seized during an unlawful search, *Weeks v. United States*, 232 U.S. 383, 34 S. Ct. 341, 58 L. Ed. 652 (1914), and of testimony concerning knowledge acquired during an unlawful search, *Silverman v. United States*, 365 U.S. 505, 81 S. Ct. 679, 5 L.Ed.2d 734 (1961). The exclusionary rule also prohibits the introduction of derivative evidence, both tangible and testimonial, that is the product of the primary evidence, or that was otherwise acquired as an indirect result of the unlawful search, up to the point at which the connection with the lawful search becomes "so attenuated as to dissipate taint," *Nardone v. United States*, 308 U.S. 338, 341, 60 S. Ct. 266, 268, 84 L. Ed.2d 307 (1939). *See also Wong Son v. United States*, 371 U.S. 471, 484-5, 83 S. Ct. 407, 415-16, 9 L.Ed.2d 441 (1963).

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. Probable cause to support a search warrant exists when, under the totality of the circumstances, there is a fair probability of finding contraband or evidence at a particular location. *United States v. Brundidge*, 170 F.3d 1350, 1352 (11th Cir. 1999) "The focus in a warrant application is usually on whether the suspect committed a crime and whether evidence of the crime is to be found at his home or business." *United States v. Martin*, 297 F.3d 1308, 1314 (11th Cir. 2002). An affidavit in support of the warrant application must contain information giving rise to a fair probability that evidence will be found in the place police seek to search. Id. "Specifically, the affidavit should establish a connection between the defendant and the residence to be searched and a link between the residence and any criminal activity." Id.

When the statements made in reckless disregards for the truth are excised and the material omissions are included in the search warrant application the is insufficient evidence for a neutral and detached magistrate judge to issue a search warrant for the subject premises. The totality of information considered in *de novo* review should include:

1. Credit card numbers inaccurate
2. Credit cards associated with BTC account also associated with another person
3. IP 70.127.40.255  address information not reliable
4. IP 70.127.40.255 address not associated with subject premises until 6 months after creation of BTC account and associated terminated with subject premises two weeks *before* alleged download of 18 child pornographic videos.
5. Assertion that Jack R. Dove, III ("DOVE")  downloaded child pornographic videos in ¶30 is without foundation

When paragraphs 30, 30a, 30b and 30c are excised from the search warrant affidavit the affidavit contains no information that any transaction made by the "Jack Dove" BTC exchange account with "The Website" was illegal. The BTC transactions referenced in the affidavit could have been for non-criminal activity including, buying a membership and not viewing anything, or buying a membership and viewing adult pornography. These activities are not illegal and a search warrant for the home would not be justified. Further, there are no facts in the affidavit that support a finding of criminal activity at the subject premises including no evidence that IP address 70.127.40.255 downloaded any illegal videos and, in fact was not associated with the home at the time of the downloading of 18 of the alleged child pornographic videos. Under appropriate *de novo* review there is no probable cause to believe evidence of a crime will be found at Jack R. Dove, III's home, 721 Powder Horn Row, Lakeland, Florida.

WHEREFORE, based on the foregoing grounds and as more fully set forth in the accompanying memorandum of law it is respectfully requested that this Court hold a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), if the Court is not inclined to grant the Defendant's request on this pleading, undersigned counsel respectfully requests a hearing on this motion.

Respectfully submitted,

FARMER & FITZGERALD, P.A.

*Timothy J. Fitzgerald*
Timothy Fitzgerald, Esq.
FL Bar No. 0780618
400 N. Tampa St, Suite 950
Tampa, FL 33602
(813) 228-0095
FAX (813) 224-0269

fflawpafedtjf@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically to the following on the 3rd day of January 2020:

AUSA Lisa Thelwell
Lisa.Thelwell@usdoj.gov