UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 8:19-cr-33-T-36CPT

JACK R. DOVE, III

**UNITED STATES' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO FOR A HEARING
PURSUANT TO FRANKS V. DELAWARE**

The United States hereby responds in opposition to Defendant Jack R.

Dove, III's *Motion to for a Hearing Pursuant to Franks v. Delaware* ("Motion"). Doc.

83. In his motion, In his motion, the defendant alleges that the search warrant

that was issued for the defendant's residence "omitted material facts and

contained statements made in reckless disregard for the truth[,] which when

omitted/added from/to the affidavit would have changed the magistrate's

decision to sign the search warrant authorization." In support of his motion, the

defendant cites to various portions of the search warrant affidavit and makes

conclusory assertions without providing appropriate proof. Dove has not met his

burden of showing that any omission was reckless or intentional. For the reasons

set forth below, the defendant's motion should be denied.

## I.   PROCEDURAL HISTORY

1.      On or about December 3, 2018, HSI arrested Dove pursuant to a criminal complaint charging him with receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Doc. 1.

2.      Dove appeared for an initial appearance on December 3, 2018, and the court granted conditions of release pending trial. Docs. 3,11.

3.      On or about January 29, 2019, a federal grand jury charged Dove in a two-count indictment. Doc. 17. Count One charges Dove with receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2). Doc. 17. Count Two charges Dove with possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). Doc. 17.

4.      On or about January 3, 2020, Dove filed the instant Motion. Doc. 83.

## II.   RELEVANT FACTUAL BACKGROUND

*Initial Investigation*

5.      Law enforcement officers became aware of Dove while conducting an international, multi-jurisdictional, and multi-agency investigation.

Investigators identified a Tor[1] network-based child pornography website (hereinafter "The Website") that operated on the darknet.[2] Exhibit A (Application for Search Warrant), ¶ 18.

6.    Any user has the ability to create a free account on The Website by providing a username and password.  Exhibit A, ¶ 19. After a user has created an account, the user can browse previews of videos that are available for download and post text to The Website. *Id.* In order to download videos from the site, however, the user must use "points," which are allocated to users by The Website. *Id.*  Once the user has established a username and password, a user can earn points by: (1) uploading videos depicting the sexual exploitation of children; (2) referring new users to The Website; (3) using Bitcoin (BTC)[3] to purchase a "VIP" account, which entitles a user to unlimited downloads, lasts for six months; or (4) using bitcoin to purchase points incrementally. *Id.* The Website

---

[1] Tor is a computer network designed to facilitate anonymous communication over the Internet. *See* Exhibit A, ¶ 7.

[2] A darknet, also sometimes inaccurately referred to as the dark web or the deep web, is any online network that is accessible only through the use of specific software, configurations, or authorization, and not generally accessible to users of the public, "open" internet. All darknets require specific software or network configurations, such as Tor, to access them.

[3] Bitcoin is a type of virtual currency, circulated over the internet as a form of value. Bitcoin are not issued by any government, bank, or company, but rather are controlled though computer software operating via a decentralized, peer-to-peer network. Bitcoin is just one of many types of virtual currency.

assigns each user who accesses the site a unique BTC address, which the user can send funds for purchasing account privileges. Exhibit A, ¶ 20.

7.      Using a reliable third-party blockchain analysis software, law enforcement agents analyzed BTC addresses associated with The Website and identified nearly 3,000 unique BTC addresses clustered together ("The Website cluster") that the software concluded to be associated with The Website. Exhibit A, ¶ 24.

8.      The third-party blockchain software revealed that from in or around October 2015, to in or around February 2018, The Website cluster had received approximately 411 BTC through 7,786 transactions from 4,255 different BTC addresses worth approximately $324,961. Exhibit A, ¶ 25. These payments include payments sent to BTC addresses within The Website cluster directly from addresses created through virtual currency exchanges. *Id.*

9.      Coinbase is a virtual currency exchange. Virtual currency exchanges, like Coinbase, maintain records related to BTC transactions.  Exhibit A, ¶ 26. Law enforcement subpoenaed Coinbase for records related to registered accounts that had sent BTC to The Website cluster. *See id*. The subpoena results revealed customer names as well as additional identifiable information. *Id*. Account and

4

subscriber information related to Dove was included in the records provided by Coinbase.[4]  Exhibit A, ¶ 27.

10.     The Coinbase account and subscriber information associated with Dove's account are attached as Exhibit B.[5] Some of the information provided include, in pertinent part:

### User Attributes

**User ID**:     582c6601c8a1db3f8e01471d[6]
**Name**:       Jack Dove
**Email**:       jdove@totalonguardprotection.com
**Created**:    November 16, 2016 05:58am PST

### Jumio Profiles

Dove's Driver's License Information

### Personal Details

**DOB**: xx/xx/1981[7]

**Phone Numbers**: XXX-XXX-4463[8]

---

[4] These records were subsequently provided to Dove in discovery.

[5] A Notice of Filing Declaration of Authentication of Business Records has been filed at Doc. 92.

[6] The User ID is the unique BTC address assigned by The Website to Dove's account. *See* Exhibit A, ¶ 27.

[7] This is Dove's date of birth.

[8] This is Dove's phone number.

**Billing Address**: 721 Powder Horn Row, Lakeland, FL 33809, US[9]

**Payment Cards**

| Customer Name | Last 4 Digits | Expiration Year | Issuer |
|---|---|---|---|
| Jack Dove | 3139 | 2019 | Bank of America |
| Jack dove | 6338 | 2020 | Citibank |
| jack dove | 1726 | 2021 | Bank of America |

*See* Exhibit A, ¶¶ 27, 28; *see also* Exhibit B at 1, 2, 19.

11.     The Coinbase records also captured the internet protocol (IP) addresses associated with Dove's account. *See* Exhibit A, ¶ 27. Specifically, it contained countless entries for an electronic device accessing the internet at 70.127.40.255 between on or about November 16, 2016, and August 23, 2017. *See* Exhibit B at 7-17.

28.     In response to a summons, Charter Communications provided the subscriber information for IP address 70.127.40.255. Exhibit A, ¶ 33. The response to the summons revealed that between on or about June 6, 2017, and on or about August 18, 2017, IP address 70.127.40.255 was associated with "Jack Dove" at his residence. *Id.*

12.     On or about October 9, 2018, Agent Garcia received additional data that had been extracted from The Website, which revealed that Dove's account

---

[9] This is the residence associated with the search warrant at issue.

had downloaded approximately 20 child-pornographic videos on or about August 10, 2017, and approximately 18 child-pornographic videos on or about September 3, 2017.  Exhibit A, ¶ 30.

13.     Databases revealed that Dove's driver's license was registered at Dove's residence, which he had purchased in or around March 2011. Exhibit A, ¶¶ 31, 32.

14.     On or about November 13, 2018, Agent Garcia obtained a search warrant for Dove's residence in case number 8:18-mj-2017CPT. This Court authorized the execution of the warrant on or before November 23, 2018, between 6:00 a.m. and 10:00 p.m. Despite best efforts, however, HSI agents were not able to execute the search warrant while Dove was at the residence because Dove had travelled away from his residence. Exhibit A, ¶ 4.

15.     On or about November 27, 2018, Agent Garcia obtained a second search warrant for Dove's residence in case number 8:18-mj-2053AEP—the warrant at issue.

16.     On or about November 30, 2018, HSI Tampa executed a search warrant at Dove's residence in Lakeland, Florida. Agents seized multiple electronic devices from the residence. A forensic review of Dove's devices revealed evidence that corroborated Dove's use of The Website. Specifically, Dove had Tor downloaded and installed on his computer, and possessed videos

that had been downloaded from The Website. Forensic analysts also found the Tor-based web address for The Website, along with his username, stored on the same electronic device that contained the child pornographic videos that Dove had downloaded from The Website.

### III.   MEMORANDUM OF LAW

#### A.   The Legal Standard

Affidavits supporting search warrants are presumptively valid. *Franks*, 438 U.S. 154, 171 (1978). The Supreme Court instructs, however, that (1) "where the defendant makes a *substantial* preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit," and (2) "if the allegedly false statement is *necessary* to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." *Id*. at 155-56 (emphasis added). If, after a hearing, the defendant establishes the allegation of perjury or reckless disregard by a preponderance of the evidence, and "with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." *Id*. at 156.

The Supreme Court further observed that this rule "has a limited scope, both in regard to when exclusion of the seized evidence is mandated, and when a hearing on allegations of misstatements must be accorded." *Id*. at 167. A defendant is not entitled to a hearing "when material that is the subject of the allegedly falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required." *Id*. at 171-172.

"Insignificant and immaterial misrepresentations or omissions will not invalidate a warrant." *United States v. Sims*, 845 F.2d 1564, 1571 (11th Cir. 1988) (quotation omitted). A court may deny a suppression motion under *Franks* based on the pleadings, if it determines that the alleged omissions would not have defeated probable cause. *United States v. Kapordelis*, 569 F.3d 1291, 1309 (11th Cir. 2009). "What amounts to probable cause is purely a question of law." *United States v. Horne*, 198 Fed. Appx. 865, 869-871 (11th Cir. 2006) (upholding the district court's denial of motions to suppress without hearings). If, and only if, the defendant carries his burden as to each prerequisite, the defendant is entitled to a hearing with the opportunity to prove his *Franks* allegations by preponderance of the evidence. If the defendant fails to carry his burden at as to either prerequisite, he is not entitled to a *Franks* hearing, as a matter of law. *United States v. Barsoum*, 763 F.3d 1321, 1328 (11th Cir. 2014). Dove is not entitled to a Franks hearing

because he failed to offer proof beyond conclusory assertions, and he failed to show that the alleged false statements or omissions were *necessary* to the finding of probable cause.

### 1.   **First Prerequisite: Specific Allegations and an Offer of Proof**

First, the defendant must "make specific allegations of knowing or reckless falsehood and an offer of proof to support the allegations." *United States v. Campbell*, 193 Fed. App'x. 921, 924 (11th Cir. 2006). Conclusory allegations are insufficient. *Franks*, 438 U.S. at 171. The defendant must offer proof supporting his grounds or give some satisfactory explanation for failing to do so. *Id.* This offer of proof is usually in the form of affidavits or reliable witness statements. *United States v. Haimowitz*, 706 F.2d 1549, 1556 (11th Cir. 1983). It is not enough for a defendant to argue that a *Franks* hearing would allow him to show that the information in question was false and deliberately or recklessly included or omitted. *See United States v. Barsoum*, 763 F.3d 1321, 1329 (11th Cir. 2014) (explaining that a defendant who argues that a hearing would allow him to show that information was deliberately misstated or omitted "misunderstands the Franks standard").

At the outset, the Court should deny the *Franks* argument because Dove has offered no proof. He has provided no witness statements, no affidavits. The simple assertions in the motion are not the type of proof that *Franks* requires. *See*

*Franks*, 438 U.S. at 171 ("Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient.").

### 2.   Second Prerequisite: Demonstrating Effect on Probable Cause

Because Dove fails to meet the first prerequisite to warrant a *Franks* hearing, the Court may deny his hearing request without looking further. However, should the Court continue its analysis, it will see that Dove fails to meet the second prerequisite as well.

If a defendant satisfies the first prerequisite for a *Franks* hearing—which Dove here has not—then "the defendant bears the burden of demonstrating" that, had the affiant included the alleged omissions, it "would have prevented a finding of probable cause." *United States v. Lebowitz*, 676 F.3d 1000, 1010 (11th Cir. 2012). In other words, if, after the revision, the facts in the affidavit would still have contained probable cause, the defendant is not entitled to the hearing. Probable cause is not a finely tuned standard. *Florida v. Harris*, 568 U.S. 237, 244 (2013). It does not mean preponderance of the evidence; it is merely a "fair probability." *Id.*

### B. Analysis

#### 1. __The Affiant Did Not Make Statements in Reckless Disregard for the Truth__

Dove alleges that the affiant, Agent Garcia, made two statements in reckless disregard for the truth:

(1) That paragraph 28 of the affidavit contained inaccurate credit card information. Specifically, Dove alleges that the last four digits of the three credit cards that the affiant identified in paragraph 28 are incorrect.

(2) That the affiant had no basis to assert that Dove downloaded child pornographic videos from The Website as described in paragraph 30.

"Allegations of negligence or innocent mistake are insufficient." *Franks*, 438 U.S. at 171; *see also Maduwake v. Savaiko*, 117 F.3d 1321, 1326 (11th Cir. 1997) (neither negligence nor mistake violates the Fourth Amendment). It is not enough to show that statements in an affidavit were wrong; to be entitled to a *Franks* hearing, a defendant must establish that the affiant *knowingly* or *recklessly* included such falsities and/or material omissions. *Sims*, 845 F.2d at 1571 (citing *Franks*, 438 U.S. at 171-72). "Reckless disregard for the truth" includes instances in which an affiant "should have recognized the error, or at least harbored serious doubts" about his representations. *United States v. Kirk*, 781 F.2d 1498, 1502–03 (11th Cir. 1986); *Franks*, 438 U.S. at 171 (standard requires proof of "deliberate falsehoods or reckless disregard for the truth").

a. *Inaccurate Credit Card Numbers*

First, Dove alleges that Agent Garcia recklessly disregarded the truth in stating the last four digits of three credit cards associated with Dove's Coinbase account. Doc. 83. at 4-5. At the outset, the Court should deny Dove's request for a hearing on this issue pursuant to *Franks* because Dove has offered no proof to support his allegations. He has provided no witness statements, no affidavits. The simple assertions in his Motion are not the type of proof that *Franks* requires. *See Franks*, 438 U.S. at 171 ("Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.").

Moreover, the Court should deny Dove's request for a *Franks* hearing because it is established that "[a]llegations of negligence or innocent mistake are insufficient" to support the need for a hearing. *Id.* Far from being reckless or intentionally hiding exculpatory information from the affidavit, Agent Garcia simply made a typographical error. In reviewing the business records provided by Coinbase, it is clear that Agent Garcia made an innocent mistake when transposing the information to paragraph 28 of the affidavit. The fact that Agent Garcia made a mistake in listing the last four digits of the credit cards associated with Dove's Coinbase account is apparent from Dove's Motion. In his Motion, Dove highlights that instead of providing the last four digits of the credit cards, Agent Garcia listed expiration dates. Doc. 83 at 5. Based on this statement in

13

Dove's Motion, it is clear that Dove has seen and reviewed the Coinbase records associated with his BTC account (Exhibit B). Notably, even though Dove was provided with a copy of the Coinbase records associated with his BTC account in discovery (Exhibit B), Dove failed to attach those records to his Motion in support of his claim. Contrary to his bold assertion that Agent Garcia wrote paragraph 28 of the affidavit in reckless disregard for the truth, Agent Garcia simply made a mistake. Dove has not put forth an affidavit or any other proof to establish that the last four digits identified in Exhibit B as (1) "3139", (2) "6338", and (3) "1726" are not associated with credit cards belonging to Dove. Exhibit B, at 2. Dove has failed to make a substantial preliminary showing that Agent Garcia included incorrect credit card information knowingly, intentionally, or in reckless disregard for the truth. Therefore, the Court should deny Dove's request for a *Franks* hearing on this issue.

b. *No Basis that Dove Downloaded Child Pornography*

Second, Dove alleges that Agent Garcia's assertions that Dove downloaded child pornography from The Website were made in reckless disregard for the truth. Doc. 83 at 5-6. Similarly to his first allegation, Dove has not provided any proof that Agent Garcia's statements in paragraph 30 were made in reckless disregard for the truth. When reviewing the affidavit as a whole, and reading paragraph 30 in context, it is clear that Agent Garcia's statements are

14

not false, but factual and consistent with the evidence presented to support the court's finding of probable cause to issue the warrant.

In the affidavit, Agent Garcia explains how The Website functions, the ability of a user to create an account, and how The Website provides unique BTC addresses to its users.  Exhibit A, ¶¶ 18-20. Agent Garcia also explained that blockchain analysis showed that Dove's *BTC account* had engaged in at least eight BTC transactions with The Website. Exhibit A, ¶¶ 27, 29. Agent Garcia then explained in paragraph 30 that she had received additional data that had been extracted from The Website, which showed that Dove—or perhaps more succinctly, Dove's *BTC account*—had downloaded approximately 20 child-pornographic videos on August 10, 2017, and approximately 18 child-pornographic videos on September 3, 2017. Dove's allegation that the statements contained in paragraph 30 were made in reckless disregard for the truth is simply not based in reality. At worst, Agent Garcia's characterization that "Dove downloaded" child pornographic videos as described in Exhibit A, ¶ 30 as opposed to stating "Dove's *BTC account*" or "*a BTC account associated with* Dove" downloaded child pornographic videos was negligent. When reviewing the entirety of the affidavit, it is apparent that the statement "Dove downloaded" child pornographic videos was not made in reckless disregard for the truth; and to

infer otherwise is an attempt to invalidate a warrant based on semantics and not the facts upon which the probable cause was found.

### 2. <u>The Affiant Does Not Contain Material Omissions</u>

Dove alleges four other deficiencies with the affidavit, which he claims are material omissions:

(1) That Dove's mother, S.G., also had a credit card that was associated with Dove's Bitcoin account.

(2) That all of the credit cards linked to Dove's Bitcoin account had multiple users associated with them.

(3) That the IP address start date is after the creation date of Dove's Bitcoin account.

(4) That the IP address end date is before at least one of the alleged downloads.

These omissions, however, were not material because Dove cannot show that any one of the omissions would change the court's conclusion that probable cause existed for the search of Dove's residence. *See United States v. Novaton*, 271 F.3d 968, 986 (11th Cir. 2001).

> 1. *Dove's Mother, and others, had a Credit Card Associated with the Bitcoin Account*

Agent Garcia specified in the affidavit that it was submitted to the court for the limited purpose of establishing the probable cause necessary to search Dove's residence. Exhibit A, ¶ 2. Agent Garcia informed the court in the affidavit that she had not included each and every fact known to her regarding the

16

investigation, but had only put forth the facts that she believed were necessary to establish probable cause to search Dove's residence. Exhibit A, ¶ 3. The fact that Dove's mother, S.G., may have been associated with a credit card associated with Dove's Bitcoin account is not material or necessary to the finding of probable cause to search the residence. Dove cannot meet his burden to request a *Franks* hearing. He has failed to demonstrate how the omission of this fact was necessary to the finding of probable cause and that its exclusion altered the court's probable cause analysis.

Similarly, Dove alleges (without putting forth any proof) that Agent Garcia knew that "all the cards linked to the BTC account had multiple user names." Doc. 83 at 7. This fact, however, is irrelevant to the probable cause determination to search the residence for contraband, evidence, and instrumentalities of the alleged criminal violations. There could have been 10 account users associated with the credit cards linked to the BTC account and that fact still would not have altered whether there was probable cause to search Dove's residence. The fact that the BTC account generated by The Website was registered to "Jack Dove" at the subject premises, and the Internet Protocol (IP) address associated with the BTC account and download activity from The Website was registered to the subject premises remains the same.

2. *IP Address Creation Date*

Dove's BTC account was created on November 16, 2016. Exhibit A, ¶ 27. *See also* Exhibit B. An IP address associated with Dove's BTC account was 70.127.40.255. Exhibit A, ¶ 27. *See also* Exhibit B. On or about October 3, 2018, Agent Garcia served a summons on Charter Communications for subscriber information related to IP address 70.127.40.255. Exhibit A, ¶ 33. In that request Agent Garcia specifically requested information dating back to November 16, 2016. Charter Communications provided records pursuant to the summons on or about October 5, 2018. Exhibit A, ¶ 33. The records revealed that IP address 70.127.40.255 was assigned to Dove at his residence. *Id.* The records, however, were limited to June 6, 2017 through August 18, 2017. *Id.* The records indicated that "Charter investigated but was unable to identify subscriber information associated with [the] request" for "all remaining dates and times." Based on her training and experience in investigating online child exploitation offenses, Agent Garcia knows that internet service providers only maintain IP logs for a short period of time. The records for November 2016 were simply not available at the time that Agent Garcia issued the October 2018 subpoena. The lack of availability of that information, however, is not detrimental to the probable cause analysis in this case. The IP logs provided show that IP address 70.127.40.255 was assigned to Dove's residence during the time that Dove's BTC account downloaded child

pornography from The Website. *See* Exhibit A, ¶ 30 (describing child pornography downloads from Dove's BTC account on or about August 10, 2017).

Dove further alleges that the Charter Communication records are "tainted" because Agent Garcia did not include a cautionary statement contained a cover letter from Charter Communications. Specifically, that Charter stated: "…Charter's billing and customer records from which the above information is obtained are subject to human error and Charter cannot always guarantee the accuracy of such records." In reading this statement from Charter, however, it is apparent that Charter is referencing "billing and customer records," which is data that is likely entered manually, such as name, address, and phone number—not data that is automatically computer generated, such as IP logs. Even if the Court agrees with Dove and finds that there is no evidence attributing the IP address to Dove's residence on November 16, 2017, and on September 3, 2018, those facts are not material omissions that necessarily alter the probable cause calculus. The fact still remains that Dove's BTC account was associated with IP address 70.127.40.255, and Charter records show that IP address 70.127.40.255 was associated to Dove on August 10, 2017—the same date that Dove's BTC account downloaded *20* child pornographic videos from The Website.

## IV.   <u>CONCLUSION</u>

Even assuming *arguendo* that the Court agrees with Dove on any one of these allegations, it does not change the fact that probable cause existed to issue a search warrant for Dove's residence. The affidavit established probable cause that an electronic computing device at Dove's residence was being used to access The Website to download and receive child pornography. Whether it was in fact Dove or someone else who created a Coinbase account in Dove's name, using all of his credentials, is irrelevant to determining whether there was probable cause to search the subject premises, located at 921 Powder Horn Row, Lakeland, Florida. Dove is not made a substantial preliminary showing to entitle him to a *Franks* hearing because (1) he has not provided the necessary proof; (2) and even when the alleged false statements and omissions are set aside, there remains sufficient content in the affidavit to support a finding of probable cause.

WHEREFORE the United States respectfully requests this Court enter an order denying Dove's *Motion to for a Hearing Pursuant to Franks v. Delaware*. Doc. 83.

Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney

By: *s/ Lisa M. Thelwell*
    Lisa M. Thelwell
    Assistant United States Attorney
    Florida Bar No. 100809
    400 N. Tampa Street, Suite 3200
    Tampa, Florida 33602-4798
    Telephone:   (813) 274-6000
    Facsimile:    (813) 274-6103
    E-mail: lisa.thelwell@usdoj.gov

**U.S. v. Jack R. Dove, III**                    **CASE NO. 8:19-cr-33-T-36CPT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 27, 2020, I electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system, which

will send a notice of electronic filing to the following:

Timothy J. Fitzgerald, Esq.


By: <u>*s/ Lisa M. Thelwell*</u>
    Lisa M. Thelwell
    Assistant United States Attorney
    Florida Bar No. 100809
    400 N. Tampa Street, Suite 3200
    Tampa, Florida 33602-4798
    Telephone:   (813) 274-6000
    Facsimile:    (813) 274-6103
    E-mail: lisa.thelwell@usdoj.gov