UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                                              CASE NO. 8:19-cr-33-T-36CPT

JACK R. DOVE, III,

    Defendant.
_____/

**DEFENDANT'S REPLY[1] TO UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO FOR A HEARING PURSUANT TO *FRANKS V. DELAWARE***

    The defendant Jack R. Dove, III hereby files his reply to the "Government's Response in Opposition to Defendants Motion for A Hearing Pursuant to *Franks v. Delaware*." (Doc. 93) The government's response asserts that the defendant's *Motion for Franks Hearing Pursuant to Franks v. Delaware* (Doc. 83) alleging that material omissions and statements made in reckless disregard for the truth are without proper showing of proof that the any omissions were in reckless disregard for the truth.(Doc. 93 P. 1) Finally, the government asserts that even when the false statements and omissions are set aside, there remains sufficient content in the affidavit to support a finding of probable case. Id. The defendant will address these the government assertions and accordingly request a *Franks* hearing. The defendant will begin by addressing factual inaccuracies in the government's response then the defendant will address the statements made in reckless disregard for the truth in the affidavit and the material omissions in the affidavit. The defendant will then summarize the inaccurate or incomplete information provided to the court and explain why it was

---

[1] The court granted permission for defendant to file a reply and allowed the defendant until May 15, 2020 to file the reply. (Doc.115).

in reckless disregard for the truth. Finally, the defendant will address why the affidavit with the proper excised and included information is insufficient for a probable cause finding.

### A. Background

The government's response contains factual inaccuracies which if left unaddressed confuse the issues. These inaccuracies include both inaccurate statement of facts and inaccuracies regarding the content of the search warrant affidavit. Most notably, the government's response blurs the facts by routinely confusing and commingling two separate and distinct websites. One website is the Coinbase website where bitcoin can be purchased. This website is routinely referred to as the BTC website. The second website was previously referred to as "The Website" which was a website where a person could access and download adult and child pornography.(Ex. A ¶18). For the course of this reply the term "The Website" will also be accompanied by ("W2V") the initials of the website's name to avoid the blurring of the two separate and distinct websites. The government made several statements in their response that the defendant believes need to be addressed and clarified.

1. Government Chart

The government, in its response attempts to insert three credit card numbers into the court's consideration of the affidavit which are not contained in the search warrant affidavit. The government created a chart in paragraph 10 on page 6 of the response indicating that the BTC (Coinbase) account had 3 credit cards ending in 3139, 6338 and 1726 attached to the account. (Doc. 93 ¶ 10). However, the search warrant affidavit in paragraph 28 indicates that the three credit card numbers attached to the coin base account ended in **2019, 2020 and 2021**. (Ex. A ¶28). The numbers in the government chart (Doc. 93 ¶10) should not be for consideration.

2. Doc. 93 ¶11 of the government's response stated:

> Specifically, it contained countless entries for an electronic device accessing the internet at 70.127.40.255 between on or about November 16, 2016, and August 23, 2017. *See* Exhibit B at 7-17.

(Doc. 93 at ¶11).

The entries and the government directs the court to examine are not contained in the search warrant affidavit. Exhibit B of the Government's response was not provided to the issuing magistrate and its contents (other than information actually asserted in the affidavit) should not be provided in the factual basis for this court's consideration. While the defendant can assert material omissions and false statements from the evidence the government had an opportunity to provide the court with any information it wanted to in the affidavit itself, the government must now rely on the four corners of the document.[2]

3. Doc. 93 P. 15 of the government's response states:

> Agent Garcia also explained that blockchain analysis showed that Dove's *BTC account* had engaged in at least eight BTC transactions with The Website. Exhibit A, ¶¶ 27, 29.

> Doc.93 P.15

In fact the affidavit states:

> - The blockchain analysis software has determined that the BTC addresses linked to DOVE have engaged in at least eight BTC transactions. (Ex. A ¶27 last sentence).
>
>   And

---

[2] In *United States v. Davis*, 714 F.2d 896, 899 (9th Cir. 1983), the court stated that "[t]he fact that probable cause did exist and could have been established by a truthful affidavit does not cure the error."

- The blockchain analysis determined that the above mentioned BTC account, registered to DOVE, engaged in transactions with a BTC address within the website cluster between on or about November 16, 2016 until on or about August 23, 2017.(Ex. A ¶29 first sentence).

(Ex. A ¶27, 29).

The government combines two separate statements in ¶27 and ¶29.The affidavit does not state the Coinbase account under the name Dove engaged in eight BTC transactions with "The Website"("W2V") as the government contends on page 15 of the response. The affidavit states BTC addresses linked to Dove engaged in eight BTC transactions. BTC or bit coin transactions can include buying or selling bitcoins or purchases made with bit coin on the **bitcoin website** not "The Website" ("W2V") as the government states. The affidavit does not indicate how many transactions the BTC account had with "The Website" ("W2V") it merely says "transactions." (Ex. A ¶29). The government's conflation of the two paragraphs makes it appear that there was more contact between the BTC account and "The Website"("W2V") than the government can prove.

4. Doc. 93 Page 17 of the government's response asserts:

> The fact that the **BTC account generated by The Website** was registered to "Jack Dove" at the subject premises, and the Internet protocol (IP)Address associated with the BTC account and **download activity** from the website was registered to the subject premises remains the same.

(Doc. 93 P. 17) All of the below bullet points are taken from the above paragraph and are inaccurate.

- BTC account generated by the website
- Registered to "Jack Dove"
- At subject premises
- the Internet protocol (IP)Address associated with the BTC account and **download activity** from the website was registered to the subject premises

The affidavit did not state "The Website" ("W2V") generated a BTC *account* that was registered to Jack Dove." The affidavit stated "The Website "assigns each user who accesses the site a unique BTC *address* to which the user can send funds for purchasing account privileges." (Ex. A Page 15). Despite the government assertions in its response the affiant provided <u>no</u> information of "The Website" ("W2V") generating a BTC *account* in the name "Jack Dove". Again, "The Website" ("W2V") may provide a BTC *address* to send BTC, but the affidavit provides no information that a BTC *address* in Jack Dove's name was created by "The Website" ("W2V") or a BTC *account* on "The Website"("W2V") was registered to Jack Dove.

Further, the government goes on to indicate that this BTC account was registered to Dove at the subject premises. Again, there is no information in the affidavit that "The Website" ("W2V") had any records indicating an IP address or physical address in anyway related to Jack Dove. Moreover, the *download activity* from "The Website" ("W2V") is not linked anywhere in the affidavit to an IP address associated with Dove. The government conflates two unique websites BTC (the Coinbase website) and "The Website" ("W2V") and the website information to suggest nonexistent ties between "The Website" ("W2V") and the defendant and/or the subject premises and/or IP address 70.127.40.255. Unfortunately, this same conflation will need to be addressed throughout this reply.

**B. <u>Defendant's Assertions and Proof of Statements in Reckless Disregard for the Truth</u>**

The defendant asserted the affidavit had statements made in reckless disregard for the truth and material omissions. The government asserted both lack of offer of proof and that the assertions or omissions were not in reckless disregard of the truth. The defendant will address these issues.

1. <u>Inaccurate credit card numbers</u>

Offer of Proof

1. Affidavit of Jack R. Dove, III, (Ex. B)
2. Government admission of mistake (Doc. 93. P. 14.)

In his motion the defendant asserted that three credit card numbers that the affiant included in the affidavit were not linked to Dove and the affiant recklessly stated they belonged to Dove.[3] (Doc. 83).The government acknowledges that the affiant provided incorrect credit card numbers to the court but, indicates that the agent "simply made a **mistake**." (Doc. 93. P. 14.) Incredibly, the government then asserts that Dove should have gone through the records and guessed at what numbers the affiant meant to include in the affidavit and provided this court with an affidavit about those credit cards numbers. The defendant can only address the credit card numbers contained in the affidavit because those are the numbers that were recklessly provided to the court that issued the search warrant.

2. No basis for assertion in ¶30 that DOVE had downloaded child pornography

Offer of Proof
1. Email to the government (Ex. C )
2. Discovery letter from the Government (Ex. D )
3. Spreadsheet identified as "Additional Data" basis for ¶30 of SW (Ex. E )
4. Government admission that assertion Dove downloaded child pornographic videos was (at worst) **negligent**. (Doc. 93 at 15).

The defendant asserted that the affiant made a statement in reckless disregard for the truth in asserting in ¶30 of the affidavit that DOVE downloaded child pornography.(Doc. 83).

In the search warrant affidavit the affiant stated:

> "On or about October 9, 2018, I received additional data that had been extracted from The Website, which revealed that **DOVE** had downloaded approximately 20

---

[3] Attached Ex. B is an affidavit from Jack R. Dove asserting he has never had credit/debit cards ending in the numbers ending in 2019, 2020 or 2021.

>child-pornographic videos on or about August 10, 2017 and approximately 18 child-pornographic videos on or about September 3, 2017.

Ex. A ¶30 (emphasis added).

The defendant asserted this statement was without proof and made in reckless disregard for the truth. The government attacks this assertion by claiming the assertions in ¶30 need to be read in conjunction with other assertions in the affidavit, that at worst, it was negligent and finally claiming there is no proof the statement in reckless disregard for the truth.

   a. <u>Read the other Paragraphs and Insert Information</u>

In further to Dove's contention that the agent recklessly stated in ¶30 of the search warrant affidavit that Dove had downloaded child pornography the Government attempts to defend this recklessly incorrect statement by claiming the statements are "consistent with the evidence presented to support the court's finding or probable cause." (Doc. 93 at 15). The government does not say that the assertion in paragraph 30 is correct, rather it seems to be taking the position that it can merely substitute assertions made in other paragraph with the assertion made in paragraph 30. Alternatively, the government appears insist that the court should read the affidavit how they wish it was written by stating "Agent Garcia then explained in Paragraph 30 that she had received additional data that had been extracted from 'The Website' ("W2V"), which showed that Dove or perhaps more succinctly, Dove's BTC account had downloaded approximately 20 child-pornographic videos…." . (Doc. 93 at 15.) This is flawed on many levels.

First, the government cannot merely excise false statements and enter correct statements to fix the statements made in reckless disregards for the truth. *United States v. Davis*, 714 F.2d 896, 899 (9th Cir. 1983), holding that "[t]he fact that probable cause did exist and could have been established by a truthful affidavit does not cure the error."

Second, even if the government could retroactive change the false statements in the affidavit the suggestion of what it should/could have said is inaccurate. The government again interchanges the BTC (Coinbase) account with "The Website"("W2V"). The affidavit asserts that BTC account at some time bought points (or a membership) on "The Website" ("W2V") and that "The Website" ("W2V") contained adult pornography and child pornography. (Ex. A ¶18). The BTC (Coinbase) account is legal. "The Website"("W2V") contains both legal and illegal content. (Ex. A ¶ 18). The attempt by the government to change the language in ¶30 from "DOVE" to "Dove's *BTC account*" or "*a BTC account associated with* Dove" is factually inaccurate. The "BTC account" was not used to download the child pornography referenced in ¶30 of the affidavit as is evident by the government's response to discovery that they consider the basis for the "additional data". (Ex. E ). According to the spreadsheet provide by the government a user named "notus" downloaded the videos. (Ex. E ). A BTC account may have been used to purchase a membership or points at some early time on "The Website" ("W2V"), however once the points are purchased or the membership created accessing the membership allows a user to download content. The BTC account is now done. Finished. Points credit or a membership are logged with The Website ("W2V"). A user needs to access "The Website"("W2V") and use the points (or membership) on account to make a purchase. ¶19 search warrant affidavit states:

> In order to download videos from the site, however, the **user** must use "points," which are allocated to the users by The Website.[4] Once the user has established a user name and password, a user can earn points by: (1)uploading videos depicting the sexual exploitation of children; (2) referring new users to The Website; (3) paying for a VIP account, which entitles a user to unlimited downloads, last for six months and is priced at 0.03 BTC (approximately $125.58 USD as of September 28, 2017); or (4) paying for points incrementally (i.e. 0.02 BTC for 230 points).

---

[4] "The Website" ("W2V") website not the Coinbase website.

(Ex. A ¶19). (Emphasis added)

Finally, the government's move from "'DOVE' had downloaded" to "Dove's *BTC account*" or "*a BTC account associated with* Dove" downloaded is impossible. A BTC account, or, for that matter any type of account cannot select and download content, only a person can. The affiant did not know who download the videos alleged in ¶30 of the search warrant but at least the affiant knew a person or *user* had to be alleged as the downloader. The affiant recklessly asserted "DOVE" as the downloader with no proof. The government's suggested change the language of the search warrant affidavit is not permissible and does not work.

    b.  <u>Statement Made in Reckless Disregard for Truth</u>

The government asserts "Dove has not provided any proof that Agent Garcia's statements were in reckless disregard for the truth." (Doc. 93 P.14). The information available to the affiant concerning the contents of paragraph 30 of the affidavit at the time of the search warrant establish that the statement was in reckless disregard for the truth. On March 12, 2019 undersigned counsel sent an email to the government specifically requesting the "additional data" referenced in ¶30 of the search warrant affidavit. (Ex. C (request #5)). On March 21, 2019 in response to the email request the government sent a letter providing additional discovery to the defendant.(Ex. D ). In paragraph c of the letter the government indicates it has enclosed "a copy of the 'additional data' as described in paragraph 30 of the residential search warrant." (Ex. D ). Attached Exhibit E is the 2-page spreadsheet which the government asserts is the "additional data" which supposedly allows the affiant to assert "DOVE" had downloaded child pornography. (Ex. E  ) The spreadsheet apparently represents download activity of "The Website" ("W2V"). The spreadsheet has 12 columns, nine contain the word video and apparently relate to various videos the spreadsheet

indicates were downloaded. (Ex. E). These columns have titles including the video id, video categories, video file name, video desc., file size, duration and other video specific categories. (Ex. E ). The remaining columns are "user name", "activity" (all rows indicate "download") and "activity date." (Ex. E). The username for each purported download is the same, "notus". (Ex. E ). The only information on this spreadsheet which could lead to identifying the person that downloaded these videos is the first column titled "username." (Ex. E). This column contains "notus" in every row. The government had no information regarding the ownership or access to user name "notus" prior to the execution of the search warrant. Notably absent is the IP address and payment method for the user that downloaded the videos. Again, the document the government identifies as the basis for the "additional data" the affiant relied on for her statement in ¶30 provides no information regarding the defendant, a physical address tied to the defendant or an IP address tied to the defendant or the subject premises. Paragraph 30 assertion "additional data that had been extracted from 'The Website', which revealed DOVE had downloaded approximately 20 child pornographic videos…" was made in reckless disregard for the truth should be excised from the affidavit in its entirety.

   c. It was Beyond Negligent

The government claims that "At worst, Agent Garcia's characterization that "Dove downloaded" child pornographic videos as described in Exhibit A, ¶ 30 as opposed to stating "Dove's *BTC account*" or "*a BTC account associated with* Dove" downloaded child pornographic videos was **negligent**. (Doc. 93 at 15)(emphasis added). The affidavit contents are false or true. If they are false and the court determines they are recklessly false they are excised from the affidavit. The government does not get to change the contents of the affidavit from what it says "DOVE" to what they wish it said like "a BTC account associated with Dove". For the search warrant to be

issued there needs to be probable cause that evidence of criminal conduct is in that home. Paragraph 30 is the only paragraph in the entire search warrant affidavit that alleges criminal conduct on the part of the defendant. The "additional data" referenced in paragraph 30 does not reference the defendant, an IP address associated with the defendant, or the subject premises. (Ex. E ). There must be a link between the criminal activity and the place to be searched. The affiant in reckless disregard for the truth asserted "DOVE" had downloaded the videos skipping many necessary levels of proof in order to get more ties into Dove and the subject premises so a warrant would be issued. At the time of presenting the search warrant affidavit the affiant did not know:

1. Who downloaded the videos?
2. Where the person was located when they downloaded the video
3. What IP address was used to download the video
4. What device they downloaded the video to

Despite not knowing any of this information the affiant affirmatory told the court "'DOVE' had downloaded approximately 20 child pornographic videos….." (Ex. A ¶30). The totality of the circumstances with what was known and what was unknown make this statement was in reckless disregard for the truth, not merely negligent.

### C. Material Omissions in the Affidavit

The defendant asserted there were material omissions from the content of the search warrant affidavit which would have changed the probable cause determination including others having access the Account tied to the BTC account and the IP address records being unreliable and not tied to the subject premises or the defendant at certain times. (Doc. 83). The defendant will address the government's response to these issues.

1. Others had Access to the Account Associated with the Bitcoin Account

   <u>Offer of Proof</u>

1. Response from Bank of America[5]-Ex. F
2. Bank records from Bank of America-Ex. G

The affiant failed to inform the court that other persons were associated with the accounts on the BTC (Coinbase) records. The government issued a summons/subpoena to Bank of America for all Jack Dove's accounts and the Bank of America responded on May 17, 2018(6 months before the issuance of the search warrant). (Ex. F ).The records show four Bank of America accounts with associated with the name Jack Dove. (Ex. F ). Three of the accounts are in the names Jack Dove and Sandra Guimond. (Ex. F). The fourth account includes Mr. Dove, Ms. Guimond and also includes Melissa Dove. (Ex. F). The affiant was aware at the time of the search warrant that Sandra Guimond was on also on every account Jack Dove was on, which is why, when the affiant questioned Guimond at the time of the search warrant the affiant said "SA Garcia explained the reason for the search warrant is because **somebody used her banking account** and their internet at this address to purchase child pornography." (Ex. H -Report by S.A. Tavey Garcia)(emphasis added). The affiant was aware up to three persons potentially had access to cards used to fund the BTC purchases. Moreover, the bank records themselves showed two address linked to the accounts, the subject premises and XXX Sandlewood Blvd. Lakeland, FL. (Ex. G).

2. The IP Address Start Date is After the Creation of the BTC (Coinbase) Account

Offer of Proof
Charter Communication records response-Ex. I

The government served a summons/subpoena on Charter Communications and requested the following:

> Pursuant to an ongoing child exploitation investigation, please provide any and all records regarding the identification of the current or former subscriber/customer of the Time Warner Cable/Charter Communications account, below, to include, but

---

[5] Exhibits F and G are Bank records and will be filed under seal pursuant to the local Rule.

> not limited to: name(s) and address(es), **date account created**, account status, E-mail address(es), alternate screen name(s)/E-mail address(es), alternate telephone number(s), last known IP address(es), all available IP address logs, all devices (make and model) including Wi-Fi hot spots associated, billing information/method of payment/source of payment (please include credit card and/or bank account numbers), **length of service**, account logins, and account profile.
>
> IP address: 70.127.40.255
> Accessed on 11/16/2016, 11/17/2016, 12/29/2016, 12/30/2016, 01/06/2017, 02/01/2017, 08/06/2017, 08/08/2017, 08/09/2017, 08/13/2017, and 08/23/2017

(Ex. I) (emphasis added).

The request was for a variety of information over a period of time, including the time the BTC (Coinbase) account was created and the time of the alleged download of child pornography. The defendant provided the court with the records he received from the government received a response to a government summons/subpoena to Charter Communications regarding IP address 70.127.40.255. (Ex. I). The response indicated that the "**ORIGINAL LEASE START**" of IP address 70.127.40.255 at 721 Powder Horn Row was June 6, 2017 and the "**LEASE END**" of August 18, 2017.(Ex. I )(emphasis added). In its response the government ignored the "date account created" and "length of service" requests it had made in the subpoena/summons to Charter Communications, and indicated that the records were "limited to June 6, 2017 through August 18, 2017." (Doc. 93 at 18). The government acknowledges that Charter Communication was unable to locate subscriber information for the other dates. (Doc. 39 P.18). Charter Communications was unable to locate additional information because it does not exist. As requested Charter Communications responded with the "Original Lease Start" date and "Lease End" date. (Ex. I ). The government, unwilling to accept the time frame of the Charter Communications records then boldly asserts a new theory not contained in the search warrant affidavit:

- Based on her training and experience in investigating online child exploitation offenses, Agent Garcia knows that internet service providers only maintain IP logs for a short period of time.
- The records for November 2016 were simply not available at the time that Agent Garcia issued the October 2018 subpoena.

(Doc. 93 P.18). The government's position is, of course, not reflected in the Charter Communication response to the subpoena and not contained in the search warrant affidavit. Importantly, the government response completely ignores that the end date of the Charter Communication subscription records for IP address 70.127.40.255 is before the final alleged download of child pornography. Instead of addressing this gaping hole in the evidence to search the subject premises the government goes back to blurring the issues of the multiple website and actions of websites by stating:

> The IP logs provided show that IP address 70.127.40.255 was assigned to Dove's residence during the time that Dove's BTC account downloaded child pornography from The Website. *See* Exhibit A, ¶ 30 (describing child pornography downloads from Dove's BTC account on or about August 10, 2017).

(Doc. 93 P.18,19). These assertions are not accurate. There is no evidence for the government's assertion that "Dove's BTC account downloaded child pornography from the Website." An account cannot download anything only a person can and the "additional data" referenced in ¶30 indicates "notus" downloaded the child pornography.(Ex. E) No IP address or other identifying information is contained in the "additional data" (Ex. E ). The government references ¶30 of the search warrant for this inaccurate assertion. Paragraph 30 states "'DOVE' had downloaded approximately 20 child pornographic videos…."(Ex. A ¶30). Not *"Dove's BTC account"* as the government asserts in its response. Further, there are no IP logs referenced in the affidavit showing the IP address 70.127.40.255 was assigned to Dove's residence during the download of the videos. The Charter communications records show that IP address 70.127.40.255 was attached to the

subject premises during some, not all, of the times the pertinent downloads were made. However, these records came with their own warning not to rely on them as addressed below.

3. IP Address Records Tainted

   Offer of Proof
   Charter Communications records response-Ex. I

The defendant asserted the affiant made a material omission of the cautionary instruction on the Charter Communications records which stated the records were subject to human error and not to be relied upon without independent corroboration.(Ex. I). The government's response is:

> In reading this statement from Charter, however, it is apparent that Charter is referencing "billing and customer records," which is data that is likely entered manually, such as **name**, **address**, and phone number—not data that is automatically computer generated, such as IP logs.

(Doc. 93 P. 19). "Billing and customer records" including name and address are exactly the records that the affiant had the court rely upon in issuing the search warrant. ¶33 of the search warrant states in part "IP address 70.127.40.255 was associated with "Jack Dove" at the SUBJECT PREMISES." (Ex. A ¶33). No IP logs from Charter Communications were referenced in the affidavit. The exact records the government acknowledges Charter Communications indicated should not be relied upon (name and address) because of hand entry are what the affiant relied upon in ¶33 of the search warrant. This information was a material omission from the search warrant affidavit.

The government ends the argument section of the response with the same inaccurate statement made throughout the response:

> The fact still remains that Dove's BTC account was associated with IP address 70.127.40.255, and Charter records show that IP address 70.127.40.255 was associated to Dove on August 10, 2017—the same date that Dove's BTC account downloaded *20* child pornographic videos from The Website.

(Doc. 93 P. 19). The assertion in ¶30 was that Dove had downloaded the videos has morphed into Dove's BTC account downloaded the videos. Again, this is simply not accurate information based on the content of the search warrant. The government asserting Dove's BTC account downloaded child pornographic videos repeatedly in the response (when it is never asserted in the affidavit) does not make the statement any more accurate.

**D. Summary of Omissions and Statements in Reckless Disregard for the Truth**

The government describes factual misstatements and omissions in the search warrant affidavit as "mistakes" or "negligence" however, collectively they paint a picture of reckless behavior asserting inaccurate information and omitting pertinent information which all cumulates in a search warrant which would not have been issued if all of the information and accurate information were provided to the court.

Failing to inform the court that IP address 70.127.40.255 was not registered to Dove or an address affiliated with at the time of the creation of the Coinbase account and that the IP address was not in Dove's name or registered to an address affiliated with Dove at the time of one of the alleged downloads of child pornography was a material omission of fact.

In summary the material omissions and the statements made in reckless disregard of the truth all related to trying to link the download of child pornography to Dove and to the subject premises. The incorrect credit cards, the failure to inform the court that the Dove's Bank accounts which may have been tied to the BTC (Coinbase) account was shared with at least one, if not two persons and another address, the failure to inform the court of the limitations of the IP address information both in time and accuracy and finally, asserting Dove had downloaded child pornography when the "additional data" shows "notus" downloaded the child pornography all collectively give the court a misimpression of the facts. The statements made in reckless disregard

for the truth are reckless statements to tie downloads that they can't identify the downloader, the IP address (It is important to remember that the <u>IP address 70.127.40.255</u> <u>has never been linked to</u> <u>the download of child pornography</u>), the computer or even the country where the download occurred to the defendant and the Subject Premises.

**E. Corrected Affidavit is Factually Insufficient to Support a Finding of Probable Cause**

A defendant challenging a search warrant affidavit is entitled to an evidentiary hearing "where the defendant makes a <u>substantial preliminary showing</u> that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and [that] the allegedly false statement is necessary to the finding of probable cause... ." *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978)(emphasis added). The defendant has made a substantial preliminary showing that statements in reckless disregard for the truth were included in the affidavit. The defendant must show "that the affidavit purged of those falsities and supplemented by the omissions would not be sufficient to support a finding of probable cause." *United States v. Stanert*, 762 F.2d 775, 782 (9th Cir.), amended, 769 F.2d 1410 (9th Cir. 1985) (citing *Franks*, 438 U.S. at 171-72). "The effect of the misrepresentations and omissions on the existence of probable cause is considered cumulatively." *Id*. (citation omitted). The court must determine, therefore, whether the affidavit, once corrected and supplemented, would provide a magistrate with a substantial basis for concluding that probable cause existed. The defendant submits that the cumulative omissions and statements in reckless disregard for the truth when added and excised accordingly render the affidavit insufficient to support probable cause.

"A search warrant is void if it contains a deliberately false statement or one that was made in reckless disregard of the truth and that false statement forms the basis of the search." *Gonzalez*

*v. Butts Cty., Ga.*, 522 *Fed. Appx.* 742, 747 (11th Cir. 2013) (citing *Madiwale v. Savaiko*, 117 F.3d 1321, 1326 (11th Cir. 1997)). An important omitted statement can be inferred to be in reckless disregard for the truth if it is critical to the finding of probable cause. In the related context of claims based on false statements in an arrest warrant, the Eleventh Circuit has explained:

> [a] warrant affidavit violates the Fourth Amendment when it contains omissions made intentionally or with a reckless disregard for the accuracy of the affidavit. A party need not show by direct evidence that the affiant makes an omission recklessly. Rather, it is possible that when the facts omitted from the affidavit are clearly critical to a finding of probable cause the fact of recklessness may be inferred from proof of the omission itself.

*Madiwale*, 117 F.3d at 1326-27 (11th Cir. 1997) (internal citations and quotations omitted); see also *Smith v. Sheriff, Clay County, Fla.*, 506 Fed. Appx. 894, 898 (11th Cir. 2013); *Daniels v. Bango*, 487 Fed. Appx. 532, 537 (11th Cir. 2012). The omitted information about the only active dates of the IP address and the Bank account ties to other persons were important to the finding of probable cause.

The only paragraph in the search warrant application that alleges criminal activity is paragraph 30, which states:

> "On or about October 9, 2018, I received additional data that had been extracted from The Website, which revealed that **DOVE** had downloaded approximately 20 child-pornographic videos on or about August 10, 2017 and approximately 18 child-pornographic videos on or about September 3, 2017.

(Ex. A ¶30) This statement was made in reckless disregard for the truth. The "additional data" (Ex. E) had no ties to the defendant, 721 Powder Horn Row or IP address 70.127.40.255. At the time of the affidavit the affiant had no knowledge who downloaded these images, or where they were downloaded from or to. The affiant recklessly asserted "DOVE had downloaded…" when there was insufficient evidence to make this assertion. A court can assume a statement was deliberate or

reckless misrepresentation when it is unclear how an agent could have made such a statement of an affirmative character without acting either deliberately or recklessly. *U.S. v. Novation*, 271 F.3d 968, 987 (11th Cir. 2001). The *affirmative* statement in paragraph 30 is more than mere negligence as the government suggests. If this statement made in reckless disregard for the truth is excised from the search warrant application, there is no allegation of criminal conduct and the search warrant would not be issued by a neutral and detached magistrate. The defendant has made a substantial preliminary showing of omissions and statements made in reckless disregard for the truth affecting the determination of probable cause.

Wherefore, the defendant requests this court grant a *Franks* hearing in the above captioned case.

Respectfully submitted,

FARMER & FITZGERALD, P.A.

*Timothy J. Fitzgerald*
Timothy Fitzgerald, Esq.
FL Bar No. 0780618
400 N. Tampa St, Suite 2840
Tampa, FL 33602
(813) 228-0095
FAX (813) 224-0269
fflawpafedtjf@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically to the following on the 15th day of May, 2020:

AUSA Lisa Thelwell