UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:19-cr-33-T-36CPT

JACK R. DOVE, III

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S OBJECTION TO THE REPORT AND RECOMMENDATION**

The United States responds to Jack R. Dove, III's *Objection to the Report and Recommendation*. Doc. 141. After receiving a full and complete evidentiary hearing on his *Motion for a Hearing Pursuant to Franks v. Delaware* (Doc. 83), Dove objects to the magistrate court's Report and Recommendation (Doc. 135) denying the motion. Dove has reiterated the same arguments he made before the magistrate court and has failed to make the requisite showing under *Franks* that the agent made an intentional or reckless false statement or omission. Moreover, even if he had, the affidavit contained sufficient probable cause for a court to issue the search warrant. Accordingly, the Court should overrule Dove's objection and deny his motion for a *Franks* hearing.

### I. FACTS

The government accepts the factual findings set forth in the Report and Recommendation. Doc. 135 at 1-9.

## II.     MEMORANDUM OF LAW

A district court has the authority to designate a magistrate judge to hear and determine any pretrial matter pending before the court. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59. The district court "may accept, reject or modify, in whole or in part, the findings of the recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Rule 59(b)(3). "[I]n determining whether to accept, reject, or modify the magistrate's report and recommendations, the district court has the duty to conduct a careful and complete review." *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982 (*quoting Nettles v. Wainright*, 677 F.2d 404, 408 (5th Cir. Unit B 1982)). When a party timely objects to the magistrate judge's report and recommendation, "[a] judge of the [district] court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Rule 59(b)(3).

Affidavits supporting search warrants are presumptively valid. *Franks*, 438 U.S. 154, 171 (1978). The Supreme Court instructs, however, that (1) "where the defendant makes a *substantial* preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit," and (2) "if the allegedly false statement is *necessary* to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." *Id*. at 155-56 (emphasis added). If, after a hearing, the defendant establishes the allegation of perjury or reckless disregard by a

2

preponderance of the evidence, and "with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." *Id*. at 156.

The Supreme Court further observed that this rule "has a limited scope, both in regard to when exclusion of the seized evidence is mandated, and when a hearing on allegations of misstatements must be accorded." *Id*. at 167. A defendant is not entitled to a hearing "when material that is the subject of the allegedly falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required." *Id*. at 171-172.

"Insignificant and immaterial misrepresentations or omissions will not invalidate a warrant." *United States v. Sims*, 845 F.2d 1564, 1571 (11th Cir. 1988) (quotation omitted). A court may deny a suppression motion under *Franks* based on the pleadings, if it determines that the alleged omissions would not have defeated probable cause. *United States v. Kapordelis*, 569 F.3d 1291, 1309 (11th Cir. 2009). "What amounts to probable cause is purely a question of law." *United States v. Horne*, 198 Fed. Appx. 865, 869-871 (11th Cir. 2006) (upholding the district court's denial of motions to suppress without hearings). If, and only if, the defendant carries his burden as to each prerequisite, the defendant is entitled to a hearing with the opportunity to prove his *Franks* allegations by preponderance of the evidence. If the

3

defendant fails to carry his burden at as to either prerequisite, he is not entitled to a *Franks* hearing, as a matter of law. *United States v. Barsoum*, 763 F.3d 1321, 1328 (11th Cir. 2014). Dove is not entitled to a *Franks* hearing because he failed to offer proof beyond conclusory assertions, and he failed to show that the alleged false statements or omissions were *necessary* to the finding of probable cause.

### III.   ARGUMENT

The United States incorporates the arguments raised in its Response in Opposition to Defendant's Motion for a Hearing Pursuant to *Franks v. Delaware*. Doc. 93. Further, the United States concurs with the magistrate court's recommendation and the bases for the recommendation to deny Dove's motion.

### IV.   CONCLUSION

The magistrate court conducted a thorough evidentiary hearing on the Defendant's Motion for a Hearing Pursuant to *Franks v. Delaware*. In fact, the magistrate court held a series of hearings to flesh out the facts and arguments of the parties, and permitted Dove to file reply to the United States' response. *See* Doc. 135 at 3. After reviewing the pleadings submitted by the parties, evaluating the evidence presented by the parties during the hearing, and considering the arguments of the parties, the magistrate court correctly determined that Dove's motion should be denied. Dove has failed to make the requisite showing under *Franks* that the agent made an intentional or reckless false statement or omission. Assuming arguendo that Dove could make such a showing, sufficient probable cause remained in the affidavit

to search the subject premises.

For the foregoing reasons, the Defendant's Objection to the Report and Recommendation, doc. 141, should be overruled, and the Court should adopt the magistrate court's Report and Recommendation, doc. 135, denying Dove's motion for a hearing pursuant to *Franks v. Delaware*.

    Respectfully submitted,

    MARIA CHAPA LOPEZ
    United States Attorney

By: /s/ Lisa M. Thelwell
    Lisa M. Thelwell
    Assistant United States Attorney
    Florida Bar No. 100809
    400 N. Tampa Street, Suite 3200
    Tampa, Florida 33602-4798
    Telephone: (813) 274-6000
    Facsimile: (813) 274-6103
    E-mail: lisa.thelwell@usdoj.gov

U.S. v. Jack R. Dove, III                      Case No. 8:19-cr-33-T-36CPT

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Timothy J. Fitzgerald, Esq.

*s/ Lisa M. Thelwell*
Lisa M. Thelwell
Assistant United States Attorney
Florida Bar No. 100809
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:  (813) 274-6000
Facsimile:   (813) 274-6103
E-mail: lisa.thelwell@usdoj.gov
