## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA,

v.   CASE NO. 8:19-cr-33-T-36CPT

JACK R. DOVE, III

_____/

### DEFENDANT JACK R. DOVE, III'S RESPONSE IN OPPOSITION TO INTRODUCTION OF EVIDENCE NOTICED IN GOVERNMENT'S "THIRD[1] *AMENDED* F.R.E. 902(14) NOTICE OF FILING AFFIDAVIT CERTIFYING AUTHENTICITY OF COPY OF ELECTRONIC EVIDENCE" (DOCUMENT 180)

The Defendant Jack R. Dove, III, by and through his undersigned counsel hereby files this response in opposition to the government's "Third *Amended* F.R.E. 902(14) Notice of Filing Affidavit Certifying Authenticity of Copy of Electronic Evidence" (Doc. 180) and moves this Honorable Court to prohibit the introduction of evidence pursuant to F.R.E. 902(14) and states:

On March 8, 2021 the government filed Doc. 180 titled "Third *Amended* F.R.E. 902(14) Notice of Filing Affidavit Certifying Authenticity of Copy of

---

[1] The Government's filing of a Third *Amended* Notice is a direct result of the government facilitating a conference call between undersigned counsel, the case agent, Edward Schwaigert the affiant in Ex. A and AUSA Thelwell. This conference allowed the parties to resolve several issues however, it necessitated filing an amended notice and accompanying affidavit to do so. While all the issues between the parties were not resolved numerous issues were resolved by the conference without burdening the Court.

Electronic Evidence" to attempt to authenticate electronic data. Federal Rule of Evidence 902(14) states:

> *Certified Data Copied from an Electronic Device, Storage Medium, or File.* Data copied from an electronic device, storage medium, or file, if authenticated by a process of digital identification, as shown by a certification of a qualified person that complies with the certification requirements of Rule (902(11) or (12). The proponent also must meet the notice requirements of Rule 902 (11).

The Committee Notes on Rules—2017 Amendment state:

> A proponent establishing authenticity under this Rule must present a certification containing information that would be **sufficient to establish authenticity** were that information provided by a witness at trial. If the certification provides information that would be insufficient to authenticate the record of the certifying person testified, then authenticity is not established under this Rule.

(Emphasis added)

The Committee Notes on the rule further state:

> Today, data copied from electronic devices, storage media, and electronic files are ordinarily authenticated by "hash value". A hash value is a number that is often represented as a sequence of characters and is produced by an algorithm based upon the digital contents of a drive, medium, or file. If the hash values for the original and copy are different, then the copy is not identical to the original. If the hash values for the original and copy are the same, it is highly improbable that the original and copy are not identical. Thus, identical hash values for the original and copy reliably attest to the fact that they are exact duplicates. This amendment allows self-authentication by a certification of a qualified person that she checked the hash value of the proffered item and that it was identical to the original.

The defendant submits the government affidavits are insufficient to comply with the 902(14) standards. There are several problems including chain of custody, the lack of matching hash values and conflicting serial numbers of hard drives.

   A. Chain of Custody

The Korean National Police executed search warrant on a home on March 5, 2018. (Doc. 190 Attachment A ¶4). During the execution of the search a computer that allegedly contained four hard drives was seized. (Id.) Neither of the government's affiants (Doc. 180 Ex. A or B) state that they actually participated in the seizure of the computer or that they even entered the home that was searched. Neither affiant has sworn that the computer was in the same condition when it was found as it was when it was searched or copied. Edward Schwaigert (Hereafter "Schwaigert") a computer forensic agent with Homeland Security Investigations supplied an affidavit Doc. 180 Ex. A . Schwaigert indicates that the Korean National Police Agency (KNPA) executed search warrant on a home on March 5, 2018. (Id. Ex. A at ¶4). Although he indicates he was present outside the home, Schwaigert indicated he did not go in the home and he does not identify any person who went into the home. Further, Schwaigert does not say how long the search team was inside the home. Schwaigert does indicate he observed the seizure of the website server although he may have seen it carried out of the home he did not observe the seizure and apparently did not identify who seized it. (Id. Ex. A at ¶4). In Exhibit B Taeyoung Kim of the Korean National Police Agency (KNPA) attests the KNPA searched a home and seized a server but he also does not indicate that he was part of the team that seized the server. (Doc. 180 Ex. B). Mr. Kim does not indicate he has any knowledge any chain of custody procedures for the seizure and securing of the digital evidence or that the chain of custody policy was followed.

The defendant submits that without an accurate chain of custody proving the computer data that was copied is the completely intact as it was at the time of the seizure makes any subsequent comparison of hash values is irrelevant.

B. Hash values do not match on one hard rive

In ¶6 Schwaigert indicates he saw the KNPA create a forensic image (Copy 1 for the purposes of this motion) of the seized devices (Original). In ¶6 Schwaigert asserts the KNPA caculated a hash values of original to compare with copy 1. Schwaigert attaches the "automated printouts verifying the imaging process" of the KNPA. In ¶9 Schwaigert indicates he calculated the hash values himself which we understand to be comparing the hash values on the U.S. law enforcement supplied hard drives (Copy 1) with seized hard drives. Schwaigert does not indicate that in his comparison the hash values matched, instead, he indicates in a footnote that forensic software indicates "an error in sectors" in the hard drive image. (Id. at ¶9 and footnote 3). In fact, by phone with undersigned counsel and counsel for the government Schwaigert indicated that Copy 1 for one of the hard drives did not match the original in the hash value test he conducted. Schwaigert attributes the hash value not being the same to an error in one of the sectors of the hard drive. In the affidavit Schwaigert indicates that copy 1 was used to make copy 2 and copy 1 and 2 had hash values that were exact matches. (Id. at Ex. A at ¶11). Copy 2 was provided to HIS Tampa and is in use in the case. (Id. at Ex. A ¶ 12). Although the hash values for copy 1 and 2 match the hash values for the original hard drive server

serial number S257NXAG608236H and copy 1 do not match. Because the hash values of Copy 1 does not match the original they are not identical and do not qualify for use under F.R.E. 902(14).

   C. Mr. Kim affidavit serial number issues

     Taeyoung Kim ("Kim") of the KNPA (also known as Attachment B) indicates the serial numbers for the seized hard drives in a column identified as line item 001, 002, 003 and 004 in the section II of the affidavit. Id. At Ex. B ¶II. are identified by serial number and are placed. (Id. at ¶II). Kim indicates he made copies for the U.S. law enforcement of the line items and provides the serial numbers for both the copied and original drives he used in ¶III on pages 2 and 3. (Id. at Ex. B P. 2 and 3). The serial number made of the hard drive Mr. Kin made a forensic copy of does not match the serial numbers of the seized hard drives. They are as follows:

    Line item 001 Serial number S257NXAG608236H (line item 1 on page 1)
    Line item 001 Serial number S257NXAG60823**GH** (line item 1 on page 2)

    Line item 002 Serial number YFG9S0ZA**Z** (line item 2 on page 1)
    Line item 002 Serial number YFG9S0ZA   (line item 2 on page 2)

The serial numbers of the original and the purported device that was copied for the U.S. law enforcement do not match in Kim's affidavit.

     Wherefore, the defendant requests this Court find that the government has not met the requirements of admissibility pursuant to F.R.E. 902(14) and request the Court prohibit the government from introducing evidence pursuant to F.R.E. 902(14).

Respectfully submitted,

FARMER & FITZGERALD, P.A.


*Timothy J. Fitzgerald*
Timothy Fitzgerald, Esq.
FL Bar No. 0780618
400 N. Tampa St, Suite 2840
Tampa, FL 33602
(813) 228-0095
FAX (813) 224-0269
fflawpafedtjf@aol.com

**CERTIFICATE OF SERVICE**

 I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically to the following on the 8th day of March, 2021:


AUSA Lisa Thelwell