UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:19-cr-33-CEH-CPT

JACK R. DOVE, III

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S OBJECTION TO THE UNITED STATES' THIRD *AMENDED* F.R.E. 902(14) NOTICE OF FILING AFFIDAVIT CERTIFYING THE AUTHENTICITY OF COPY OF ELECTRONIC EVIDENCE**

The United States hereby responds in opposition to Defendant Jack R. Dove, III's *Response to Opposition to the Government's Third Amended F.R.E. 902(14) Notice of Filing Affidavit Certifying the Authenticity of Copy of Electronic Evidence* ("Objection"). Doc. 180. At trial, the United States will offer into evidence forensic images (copies) of electronic evidence from a darknet child pornographic website Dove used to receive child pornography. The original electronic evidence was seized from a residence in South Korea by the Korean National Police Agency. Law enforcement officers from the United States were present at the time of the seizure and observed the KNPA remove the electronic evidence from the residence and create a copy of the data for the United States.

The United States does not intend to call KNPA officials who seized and created the forensic image provided to United States law enforcement officials

because the evidence the government tends to offer is more than sufficient to meet the low bar necessary for authentication. In accordance with Federal Rule of Evidence 902(14), Taeyoung Kim's certification confirms that the data is an exact copy of the originals via a commonly accepted practice of comparing hash values. *See* doc 180-7.

Additionally, although the United also filed a certification to confirm that Special Agent Edward Schwaigert used the copy of electronic data provided to him by Mr. Kim to create a forensic image for the benefit of Dove's counsel, the United States intends to call Agent Schwaigert to testify at trial. The United States requests that this Court make a pre-trial ruling on the pending 902(14) certification and Agent Schwaigert's anticipated testimony before a jury is sworn as the Court's ruling will impact the government's order of proof and may require the government to secure additional witnesses. For the reasons set forth below, Dove's objection should be overruled.

## I.   RELEVANT FACTS

1.   Law enforcement officers became aware of Dove while conducting an international, multi-jurisdictional, and multi-agency investigation. Investigators identified a Tor[1] network-based child pornography website (hereinafter "The

---

[1] Tor is a computer network designed to facilitate anonymous communication over the Internet. *See* Exhibit A, ¶ 7.

Website") that operated on the darknet.[2] The Website allowed users to create a free account. Upon creation of the account, The Website assigned the user a unique bitcoin address.[3] In order to download child sex abuse videos from the site, the user must use "points," which are allocated to users by The Website. Once the user has established a username and password, a user can earn points by: (1) uploading videos depicting the sexual exploitation of children; (2) referring new users to The Website; (3) paying for a "VIP" account, which entitles a user to unlimited downloads, lasts for six months.

    2.    The Website server was physically located in South Korea. On March 5, 2018, the Korean National Police Agency ("KNPA") executed a search warrant at the residence of a Korean national who had been operating as The Website's administrator. During the execution of the search, the KNPA seized The Website server—a custom-built computer containing four internal hard drives.

---

[2] A darknet, also sometimes inaccurately referred to as the dark web or the deep web, is any online network that is accessible only through the use of specific software, configurations, or authorization, and not generally accessible to users of the public, "open" internet. All darknets require specific software or network configurations, such as Tor, to access them.

[3] A BTC address is somewhat analogous to a bank account number and is represented as a 26-to-35-character-long case-sensitive string of letters and numbers.  Each BTC address is controlled with a unique corresponding private key, a cryptographic equivalent of a password or pin needed to access the address.  Only the holder of an address' private key can authorize any transfers of BTC from that address to other BTC addresses.  Users can operate multiple BTC addresses at any given time, with the possibility of using a unique BTC address for every transaction

3. Homeland Security Investigations ("HSI") and IRS-Criminal Investigations ("IRS-CI") agents were present at the administrator's residence in South Korea on March 5, 2018, but due to South Korean law, they were unable to be present inside the residence during the execution of the search but were located just outside the residence. Agent Edward Schwaigert is one of the United States law enforcement personnel who was present outside of the administrator's residence on March 5, 2018.[4] *See* doc. 180-1.

4. Agent Schwaigert observed the KNPA enter the residence and emerge at the conclusion of the search with The Website server. Agent Schwaigert then followed the KNPA to their office where he photographed the four hard drives and observed the KNPA create a forensic image of The Website server. Agent observed that the KNPA used "standard forensic imaging software and followed accepted best practices for imaging devices, which ensure the integrity of the evidence and the resulting images." Doc. 180-1.

5. The KNPA verified that the forensic image was a true copy of the original data by calculating and comparing hash values[5] for both the original and the copy. *See* doc. 108-7. The hash values of the copy and the original were an exact

---

[4] Agent Schwaigert has been subpoenaed and is available to testify at Dove's March 22, 2021 trial.

[5] A hash-value is the equivalent of a digital fingerprint, and is unique to the specific file, program, or device from which it was generated.

match, which reliably attested to the fact that the copy is an exact duplicate of the original. *See id*. The KNPA provided the hash value calculations to Agent Schwaigert along with the forensic image of the four hard drives form the server ("Copy 1").

6. After receiving Copy 1 from the KNPA, Agent Schwaigert compared values himself for all four hard drives. The hash values of Copy 1 and the original were an exact match, which reliably attested to the fact that Copy 1 is an exact duplicate of the original.[6]

7. HSI and IRS-CI forensic analysts and agents then reviewed the data stored on The Website server. A review of Copy 1 of the server revealed over 120,000 child pornographic videos hosted on The Website as well as customer data. Law enforcement agents conducted an analysis of the data and identified at least 120 U.S. based users, including Dove. The Website server contained account and transaction information for Dove and a recording of the child pornographic videos he had downloaded from The Website. Based on this information, law enforcement executed a search warrant at Dove's residence on November 30, 2018 and arrested him for receipt and possession of child pornography. Doc. 1. The United States

---

[6] In his affidavits, Agent Schwaigert stated that there was a sector error contained in one of the hard drives of Copy 1. Upon further review, it was confirmed that the sector error was contained in the forensic image of the Samsung SSD hard drive, with a capacity of 512.0 GB, that was provided to HSI Tampa as *Copy 2*.

5

provided Dove with the extraction reports from The Website server that it intended to present at trial.

8. Counsel for the defendant requested that the United States obtain a copy of The Website server, which was not stored in the Middle District of Florida, so he could retain an expert to conduct an independent review of the server. In response to counsel's request, Agent Schwaigert created a forensic image of the server ("Copy 2") and provided it to HSI Tampa on or about July 10, 2019.

9. Agent Schwaigert verified that three of the four hard drives that were forensically imaged and provided to HSI Tampa were a true copy of the original data by calculating and comparing hash values for both Copy 1 and Copy 2. The hash values of Copy 1 and Copy 2 were an exact match, which reliably attested to the fact that the Copy 2 is an exact duplicate of the original. The 512.0 GB hard drive, however, contained an error in sectors 194699648 – 20591167. The sector error accounted for approximately 1% of the data contained on the 512.0 GB hard drive. This type of error can occur for a number of reasons, such as a hard drive nearing the end of its service life. The error, however, did not indicate an issue with the integrity of the imaged data.

10. On or about March 13, 2021, Agent Schwaigert accessed the 512.0 GB hard drive of Copy 1 and created a new forensic image ("Copy 3"). Agent Schwaigert then calculated and compared the hash values from Copy 1 to Copy 3.

The hash values of Copy 1 and Copy 3 were an exact match, which reliably attested to the fact that Copy 3 is an exact duplicate of Copy 1; and therefore, an exact duplicate of the original hard drives seized from the administrator's residence. Agent Schwaigert then mailed Copy 3 to HSI Tampa, which was received on or about March 17, 2021. The United States intends to introduce Copy 3 into evidence at trial. [7]

11.     Agent Schwaigert reviewed the hash value of every file (with the exception of a small number of files that were unable to be "hashed" because the data had been deleted/overwritten) from Copy 2's 512GB hard drive that contained sector errors. A review of the files showed that approximately 116,276 items were not copied from Copy 1 to Copy 2. Of those 116,276 items, approximately 244 child pornographic videos and 426 .jpg items. [8] None of the items in the sector error related to Dove or The Website's database that stored the account user information and download histories. Most of the files that failed to

---

[7] Since Agent Schwaigert has resolved the sector errors contained in the 512GB hard drive of Copy 2 by creating Copy 3, Dove's objection to the hash values of Copy 2 are moot. Moreover, Agent Schwaigert's certifications pursuant to Rule 902(14) are no longer needed. He will be present to testify to the process used to create forensic images of The Website server that the United States intends to introduce at trial.

[8] The video files were comprised the following file types: (10) .avi files, (4) .mov files, (7) .wmv files, (3) .3gp files, (1) .mpg file, (1) .flv file, and (218) .mp4 files. Some, but not all, of the .jpg files were child pornographic in nature.

copy from Copy 1 to Copy 2 were non-exculpatory operating system-based files (such as metadata files and computer registry information).

## II.    MEMORANDUM OF LAW

### A.    The Bar for Authentication is "Not High" and Only Requires a "Prima Facie" Showing

Federal Rule of Evidence 901(a) requires a proponent to "produce evidence sufficient to support a finding that the item is what the proponent claims it to be." A proponent must only make a *prima facie* that the evidence is what it purports to be. *See United States v. Caldwell*, 776 F.2d 989, 1001-02 (11th Cir. 1985). Once that *prima facie* case is established, the evidence is admitted, and the ultimate question of authenticity is decided by the jury. *United States v. Belfast*, 611 F.3d 783, 819 (11th Cir. 2010). *See also* Hon. Paul Grimm, Gregory Joseph & Daniel Capra, *Best Practices for Authenticating Digital Evidence*, pp. 2-3, West Academic Publishing (2016). In making the determination of admissibility, the court considers "the nature of the article, the circumstances surrounding its preservation and custody, and the likelihood of others tampering with it." *Id*. "The government may authenticate a document solely through the use of circumstantial evidence, including the document's own distinctive characteristics and the circumstances surrounding its discovery. *United States v. Siddiqui*, 235 F.3d 1318, 1322 (11th Cir. 2000).

### B. Evidence Can Be Authenticated Based on Distinctive Characteristics of the Evidence Itself; This Method Is Frequently Used to Authenticate Electronic Evidence and Evidence Obtained from Abroad

F.R.E. 901(b) provides a non-exhaustive authentication example list. Rule 901(b)(4) provides that an item may be authenticated based on its "appearance, contents, substance, internal patterns and other distinctive characteristics of the item, taken together with all the circumstances." As explained below, electronic evidence will often contain distinctive characteristics, some of which are readily observable (like a nickname typed into an email), and some of which require the use of forensic tools (like a hash algorithm). Rule 901(b)(4) may apply where physical evidence is obtained outside the United States. Such evidence may be authenticated regardless of "chain of custody" and based solely on its distinctive characteristics. Moreover, the nature of electronic evidence provides a unique ability to understand that an item is what the proponent claims it to be.

### C. Chain of Custody

Direct or "chain of custody" evidence is just one way to authenticate evidence and is especially important for evidence such as narcotics, which tend to be non-distinct. But chain of custody evidence "is merely one possible means of authentication and not … an exclusive requirement." *United States v. Browne*, 834 F.3d 403, 411–15 (3d Cir. 2016). Rather, "[t]he government may authenticate a document solely through the use of circumstantial evidence, including the

9

document's own distinctive characteristics." *United States v. Smith,* 918 F.2d 1501, 1510 (11th Cir.1990). Evidence obtained from outside of the United States is also frequently authenticated under Rule 901(b)(4) without showing an unbroken chain of custody.

Any gaps in the chain of custody go to the *weight* of the evidence, rather than its admissibility. *United States v. Nicholas*, 136 F. App'x 314, 320 (11th Cir. 2005) (citing *United States v. Roberson,* 897 F.2d 1092, 1096 (11th Cir.1990) (internal citations omitted). A mere break in the chain of custody does not cause evidence to be inadmissible. *United States v. Clark,* 732 F.2d 1536, 1543 (11th Cir.1984); *see also*, *United States v. Lopez,* 758 F.2d 1517, 1521 (11th Cir.1985) (observing that "the adequacy of the proof relating to the chain of custody is not a proper ground to challenge the admissibility of the evidence"). The sufficiency of the chain of custody is a factual question for the jury. *Nicholas*, 136 F. App'x at 320. Moreover, as discussed below, Rule 902(14) is alternative to traditional chain of custody methods for authenticating evidence– relying on digital authentication rather than requiring everyone who handled The Website server to testify.

    **D.**    **Certified Data Copied from an Electronic Device, Storage Medium, or file – F.R.E. 902(14)**

Federal Rule of Evidence 902(14) provides for self-authentication of coped data if it is certified by a qualified person as "[d]ata copied from an electronic

10

device, storage medium, or file, if authenticated by a process of digital identification." The purpose of the rule, as described by the Advisory Committee, is to set out "a procedure by which the parties can authenticate data copied from an electronic device, storage medium, or an electronic file," without having to call a witness to authenticate the process. FRE 902(14), Advisory Committee Notes on Rules – 2017 Amendment. The Committee reasoned that the expense and inconvenience of producing an authenticating witness for this type of evidence is often unnecessary. *Id*. The rule "is flexible enough to allow certifications through processes other than comparison of hash value…." *Id*. To satisfy the requirements of the rule, the proponent must "present a certification containing information that would be sufficient to establish authenticity were that information provided by a witness at trial." *Id*.

### III.   ARGUMENT

#### A. Any Challenge to the Chain of Custody of The Website Servers is a Factual Issue for the Jury

Dove objects to the chain of custody of The Website server and Copy 1 of the server because neither affiant asserted they were physically inside The Website administrators residence during the execution of the search warrant. Instead, Mr. Kim states that The Website server was seized from the administrator's residence on March 5, 2018, he made a forensic image of the server, and provided it to U.S. law enforcement officials on that same day. *See* doc. 180-7. Similarly, Agent

11

Schwaigert's affidavit asserts that he was present outside of the administrator's home during the execution of the search warrant. Doc. 180-1 at ¶ 4. Agent Schwaigert observed the KNPA remove The Website server from the residence, which he later photographed, and watched as the KNPA created Copy 1 using "standard forensic imaging software" and "best practices for imaging devices." *Id.* at ¶ 6.

Any alleged "break" in the chain of custody is a matter for the jury as it goes to the weight of the evidence and not its admissibility. Importantly, speculation that electronic evidence could be falsified or tampered with clearly is not sufficient basis for an objection to authenticity. Through his objection to the chain of custody, Dove implicitly argues that the KNPA could have, or did in fact, provide U.S. law enforcement agents with an altered version of The Website server that contained nearly 8 terabytes of child sex abuse material and user account records that identified Dove as an individual who had created an account on The Website and made more than one bitcoin transaction to purchase child exploitative material.

Dove's argument must fail. The content of The Website server constitutes "distinctive characteristics" independently sufficient to authenticate the hard drives under Rule 901(b)(4). Dove's argument is especially unpersuasive in light of the fact that the financial transactions Dove conducted with The Website led federal agents to his Lakeland home where he was found in possession of the same child

12

sex abuse material he had purchased from The Website; thereby validating that The Website server and its forensic images are what they purport to be.

### E. The KNPA's Scrivener's Error is not Fatal to the Certification

Dove challenges the certificate of authenticity submitted by the KNPA official who seized The Website server from the administrator's residence and subsequently and forensically imaged the hard drives based on an apparent scrivener's error in the affidavit. Dove's sole objection to Mr. Kim's affidavit is that it contains a typographical error. Dove does not challenge Mr. Kim's qualifications, or the forensic process used to create Copy 1. Even with the error, the certification is still valid.

In *United States v. Cullen*, 796 Fed. Appx. 976, 980 (11th Cir. 2019), the defendant objected to the admission of a computer hard drive, alleging that the government's witness could not identify the hard drive seized during the execution of a search warrant. The witness observed that the serial number on the hard drive did not include the last four digits of the serial number listed on the Government's exhibit list. *Id*. The witness, however, was able to identify the hard drive by its external casing and most of the digits on the serial number and testified he was "absolutely" certain that the hard drive offered into evidence was the same hard drive seized from the defendant's residence. *Id*. The Eleventh Circuit found that the hard drive was properly authenticated given the witness's testimony, taken together

with the evidence relating to the defendant was found on the hard drive (i.e., defendant's tax form, resume, job application). *Id*.

Here, Mr. Kim's affidavit set out his qualifications in the area of computer forensics and imaging, stating that he had imagined "many electronic devices for numerous cases" and is "familiar with the process for imaging electronic devices and for ensuring that the image is an accurate copy of the original." Doc. 180-7 at ¶1. Mr. Kim explained that the KNPA seized The Website server, which was comprised of four hard drives, from the administrator's home on March 5, 2018. *Id*. at ¶ 2. On that same date, Mr. Kim created a forensic image of each hard drive and provided it to U.S. law enforcement officers. *Id*. at ¶ 3.

In his affidavit, Mr. Kim lists the make, model, and serial number of the original hard drives and the make, model, and serial number of the Copy 1 hard drives. See doc. 180-7 at ¶ 2. There is an obvious typographical error in the serial numbers for Line Items 001 and 002. *Id*. The error, however, does not invalidate the certification of authenticity. The serial numbers serve to further specify the electronic storage media that Mr. Kim forensically imaged. Mr. Kim's certificate would still be valid had it only included a partial number or no serial numbers at all.

## IV. CONCLUSION

The purpose of Rule 902(14) is to provide the parties with a method to authenticate electronic data copied from an electronic device, storage medium, or an electronic file, without having to call a witness to authenticate the process. The Rule reduces the waste of time and resources of producing a witness for the sole purpose of authenticating copied data. Mr. Kim is located in South Korea. Due to the ongoing pandemic of the COVID-19, it is impracticable and unfeasible to secure Mr. Kim's presence for Dove's March 22, 2021 trial. Requiring Mr. Kim's in-court testimony due to an apparent scrivener's error defeats the purpose of Rule 902(14).

Furthermore, Dove's objections to Agent Schwaigert's certification is moot. Agent Schwaigert has resolved the sector error in Copy 2 by creating forensic image Copy 3, which has been verified to have matching hash values with Copy 1, and thereby matching hash values with the original server seized from The Website administrator's residence.

Lastly, any alleged "break" in the chain of custody is a matter for the jury as it goes to the weight of the evidence and not its admissibility.

WHEREFORE the United States respectfully requests this Court enter an order overruling Dove's Objection. Doc. 181.

        Respectfully submitted,

        KARIN HOPPMANN
        Acting United States Attorney

By: *s/ Lisa M. Thelwell*
     Lisa M. Thelwell
     Assistant United States Attorney
     Florida Bar No. 100809
     400 N. Tampa Street, Suite 3200
     Tampa, Florida 33602-4798
     Telephone:  (813) 274-6000
     Facsimile:   (813) 274-6103
     E-mail: lisa.thelwell@usdoj.gov

**U.S. v. Jack R. Dove, III**  **CASE NO. 8:19-cr-33-CEH-CPT**

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Timothy J. Fitzgerald, Esq.

By: *s/ Lisa M. Thelwell*
Lisa M. Thelwell
Assistant United States Attorney
Florida Bar No. 100809
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:  (813) 274-6000
Facsimile:   (813) 274-6103
E-mail: lisa.thelwell@usdoj.gov
