UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No. 8:19-cr-33-CEH-CPT

JACK R. DOVE, III

**UNITED STATES OF AMERICA'S MOTION
FOR PRELIMINARY ORDER OF FORFEITURE**

Pursuant to 18 U.S.C. § 2253 and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States of America hereby moves for a Preliminary Order of Forfeiture for a SanDisk thumb drive, which was used or intended to be used to commit, or to promote the commission of, the defendant's child pornography offenses, or is property traceable to such property.

The United States further asks that the order of forfeiture become final as to the defendant at sentencing. In support of its motion, the United States submits the following memorandum of law.

**MEMORANDUM OF LAW**

I.   **Statement of Facts**

   A.   **Allegations Against the Defendant**

   1.   The defendant was charged in an Indictment with (1) receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and 2252(b)(1), and (2) possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and 2252(b)(2).  Doc. 17.

2.     The Indictment also contained forfeiture allegations putting the defendant on notice that, pursuant to 18 U.S.C. § 2253, the United States would seek to forfeit an Alienware laptop computer, a SanDisk thumb drive, and a PNY thumb drive.[1]  *Id*. at 2-3.

**B.     Finding of Guilt and Admissions of Fact**

3.     On March 26, 2021, after a jury trial had already begun and without the benefit of a plea agreement, the defendant pled guilty to Counts One (receipt of child pornography) and Two (possession of child pornography) before United States Magistrate Christopher P. Tuite, who recommended that the defendant's guilty plea be accepted.  Docs. 209, 210.  On March 29, 2021, United States District Judge Charlene Edwards Honeywell accepted the defendant's plea and adjudicated him guilty.  Doc. 218.  The defendant's sentencing is currently set for June 29, 2021.

4.     Pages 4 through 7 of the United States' Notice of Maximum Penalties, Elements of Offense, Personalization of Elements, and Factual Basis (Doc. 208), which was established at the defendant's change of plea hearing, state, among other things, that Welcome to Video (the Website) was the largest child pornography enterprise on the darkweb. On an unknown date, the defendant used his computer to

---

[1] On April 29, 2021, the United States notified the Court that it would only be seeking criminal forfeiture of the SanDisk thumb drive because the other equipment identified in the Indictment had been administratively forfeited by the U.S. Department of Homeland Security.  Doc. 221.

knowingly access the Website, wherein he created multiple accounts, purchased membership privileges, and downloaded and received numerous child sex abuse videos.

Specifically, a review of the Website database revealed that two accounts, later determined to belong to the defendant, had been used to purchase "points" from the Website on or about January 6, 2017 and on or about February 1, 2017. The defendant then used those "points" to download approximately 8,738 megabytes worth of child pornographic videos. On or about August 9, 2017, the defendant used bitcoin to purchase a "VIP" membership, which authorized him to an unlimited number of downloads for a six month period. During his VIP membership status, the defendant downloaded approximately 38 child pornographic videos from the Website.

On or about November 30, 2018, Homeland Security Investigations agents executed a federal search warrant at the defendant's residence and seized multiple electronic devices, including a SanDisk thumb drive. A forensic analysis of the SanDisk thumb drive revealed that it contained 38 child pornographic videos, 33 of which exact matches to the video files contained within the Website server. All of the videos had been received on the thumb drive on or about March 7, 2017.   In addition to the child sex abuse material that the defendant received from the Website, he was found in possession of six other child pornographic videos.

## II.     Applicable Law

The United States may criminally forfeit, pursuant to 18 U.S.C. § 2253, any property used or intended to be used to commit or to promote the commission of child pornography offenses, or any property traceable to such property.

Rule 32.2(b)(1) provides that, when the government seeks to forfeit specific property, the Court must determine whether the government has established the requisite nexus between the property and the defendant's crime.   Fed. R. Crim. P. 32.2(b)(1).   As was established in the Notice of Maximum Penalties, Elements of Offense, Personalization of Elements, and Factual Basis, the ScanDisk thumb drive was used or intended to be used by the defendant to commit, or to promote the commission of, his child pornography offenses, or is property traceable to such property; therefore, the asset is subject to forfeiture, pursuant to 18 U.S.C. § 2253.

## III.    Conclusion

For the reasons stated above, the United States requests that, pursuant to 18 U.S.C. § 2253 and Rule 32.2(b)(2), the Court enter a preliminary order of forfeiture for the ScanDisk thumb drive.

The United States further requests that the order of forfeiture become final as to the defendant at sentencing.

Upon issuance of the Preliminary Order of Forfeiture, the United States will provide written notice to all third parties known to have an alleged legal interest in

the property and will publish notice on the Internet at www.forfeiture.gov of its intent to forfeit the property. Determining whether a third party has any interest in the property must be deferred until a third-party file a claim in an ancillary proceeding under Rule 32.2(c).

As required by Federal Rule of Criminal Procedure 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(B) and *United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000).

The United States further requests that the Court retain jurisdiction to address any third-party claim that may be asserted in these proceedings, and to enter any further order necessary for the forfeiture and disposition of such property.

    Respectfully submitted,

    KARIN HOPPMANN
    Acting United States Attorney


By:    s/ *Suzanne C. Nebesky*
    SUZANNE C. NEBESKY
    Assistant United States Attorney
    Fla. Bar No. 59377
    400 N. Tampa Street, Suite 3200
    Tampa, Florida 33602
    Tel:    (813) 274-6000
    E-mail: suzanne.nebesky@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

s/ *Suzanne C. Nebesky*
SUZANNE C. NEBESKY
Assistant United States Attorney