UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

- - -

HONORABLE CHRISTOPHER P. TUITE
UNITED STATES MAGISTRATE JUDGE PRESIDING

UNITED STATES OF AMERICA,          )
                                   )
                PLAINTIFF,         )
                                   )
           VS.                     )8:19-cr-33-T-36CPT
                                   )
JACK R. DOVE, III,                 )
                                   )
                                   )
                DEFENDANT.         )
_____

**CHANGE OF PLEA HEARING**
REPORTER'S TRANSCRIPT OF DIGITAL PROCEEDINGS
MARCH 26, 2021
TAMPA, FLORIDA

SHARON A. MILLER, CSR, RPR, CRR, FCRR
IL CSR 084-2617
FEDERAL OFFICIAL COURT REPORTER
801 N. FLORIDA AVENUE, SUITE 13A
TAMPA, FLORIDA 33602

Proceeding recorded by digital recording,
transcript produced by computer-aided transcription

DIGITAL TRANSCRIPTION
UNITED STATES DISTRICT COURT - MDFL- TAMPA DIVISION

```
 1   APPEARANCES OF COUNSEL:

 2   ON BEHALF OF PLAINTIFF:

 3          UNITED STATES ATTORNEY'S OFFICE
            MS. LISA THELWELL
 4          MS. ILYSSA SPERGEL
            400 N. Tampa Street
 5          Tampa, FL  33602
            (813)274-6000
 6          Lisa.Thelwell@usdoj.gov
            Ilyssa.Spergel@usdoj.gov
 7

 8   ON BEHALF OF DEFENDANT:

 9          FAMRER & FITZGERALD, P.A.
            MR. TIMOTHY JAMES FITZGERALD
10          800 West DeLeon Street
            Tampa, Florida 33606
11          (813) 224-0269
            fflawpafedtjf @aolcom
12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1   (Court in session at 11:14 a.m.)

2            THE COURT:  Good morning, everyone.  Madam Clerk, if

3   you could please call the case.

4            COURTROOM DEPUTY CLERK:  Matter of United States of

5   America versus Jack R. Dove, III, 8:19-cr-33.

6            THE COURT:  Can I have the appearances of Counsel for

7   the record beginning with the Government, please?

8            MS. THELWELL:  Good morning, Your Honor.  Lisa

9   Thelwell and Ilyssa Spergel on behalf of the United States.

10            THE COURT:  Good morning to you both.

11            MS. SPERGEL:  Good morning.

12            MR. FITZGERALD:  Timothy Fitzgerald on behalf of Jack

13   R. Dove, III who's present to my right, Your Honor.

14            THE COURT:  Good morning, Mr. Fitzgerald.  Good

15   morning, Mr. Dove.

16            The Court has been advised that, Mr. Fitzgerald, your

17   client is interested or desires rather to enter an open guilty

18   plea; is that correct?

19            MR. FITZGERALD:  That's correct, to both counts in

20   the indictment, Your Honor.

21            THE COURT:  Is it an unconditional plea?

22            MR. FITZGERALD:  As far as what, Your Honor?

23            THE COURT:  Well, an unconditional plea is one that

24   waives all non-jurisdictional defects including any motions to

25   suppress that have been filed.

1       MR. FITZGERALD:  Yes, Your Honor, he understands
2  that.

3       THE COURT:  Okay.  Ms. Thelwell, I received the
4  notice that the Government filed, Document 208.  With respect
5  to the first count is the SanDisk thumb drive that contained
6  the pornographic videos referenced in the notice.  Is that the
7  basis for Count One?

8       MS. THELWELL:  Yes, Your Honor.

9       THE COURT:  It indicates in the last full paragraph
10  before subparagraph A all of the videos had been received on
11  the thumb drive on or about March 7th, 2017.  Is that all of
12  the videos that have been received by the Defendant on that
13  date?

14       MS. THELWELL:  Yes, Your Honor.

15       THE COURT:  Okay.  At the appropriate time I'll have
16  you recite the factual basis that you believe supports the
17  plea, and if when you get to that point you could insert the
18  language "received by the Defendant."

19       MS. THELWELL:  Yes, Your Honor.

20       THE COURT:  Okay.  Mr. Fitzgerald, do you have that
21  with you now?

22       MR. FITZGERALD:  Yes, Your Honor.

23       THE COURT:  It's my understanding before the Court
24  took the bench that you and your client had an opportunity to
25  review the entirety of the Government's notice.

1          MR. FITZGERALD:  Yes, Your Honor.

2          THE COURT:  Any objections to any portions of the

3     notice?

4          MR. FITZGERALD:  No, Your Honor.

5          THE COURT:  And with respect to the edit that the

6     Court referenced of adding the language by the Defendant to

7     confirm that he was the one who received the thumb drive on

8     March 7th of 2017, any objection?

9          MR. FITZGERALD:  No objection.

10          THE COURT:  Okay.

11          MS. THELWELL:  Your Honor, if I just could clarify.

12     So, the thumb drive, when they conducted the forensic analysis

13     of the thumb drive, the created date associated with the files

14     are March 7th, 2017.  So that's why I indicated that date

15     there.  And when you look at the video descriptions that are

16     contained in the subparagraph, it does indicate that creation

17     date of March 7th, 2017 right after the file path name, so

18     it's not that the Defendant physically received the thumb

19     drive on that date.  It's that the video was essentially put

20     on the thumb drive on that date.

21          THE COURT:  So the first element for Count One is

22     that the Defendant knowingly received a visual depiction, and

23     in Count One, I understood, and maybe I misunderstood this,

24     but the date of receipt was March 7th?

25          MS. THELWELL:  Correct.  That's the date that we have

1   to go by as far as what the forensic analysis supports as far

2   as when the information was received onto that thumb drive.

3              THE COURT:  By the Defendant.

4              MS. THELWELL:  Correct.

5              THE COURT:  Okay.  Mr. Fitzgerald, do you agree?

6              MR. FITZGERALD:  I agree that there's evidence to

7   show that, Your Honor.  I think there's also additional

8   evidence that it might have been received earlier, but the

9   date it was created on this thumb drive is March 7th, 2017.

10  It may have, in fact, been received earlier on other devices.

11             THE COURT:  Okay.  Well, I'll go back then to the

12  essential elements.  The first element is the Defendant

13  knowingly received the visual depiction and that's typically

14  tied by way of an indictment to a time frame.

15             Do you waive any objection to the date of receipt as

16  listed on the indictment to the extent that there is a valid

17  one?

18             MR. FITZGRALD:  No, Your Honor.  There's evidence

19  that it may have been earlier that was difficult to obtain

20  because of the browser used, however, it was certainly created

21  on March 7th and, therefore, received on March 7th, and the

22  Defendant after review of it has no objection.

23             THE COURT:  So your client will colloquy to guilt

24  that as alleged in the indictment and as I believe you've

25  indicated that the receipt was March 7th of 2017 as to the

1    visual depictions referenced for Count One; is that correct?

2           MR. FITZGRALD:  Yes, Your Honor.

3           THE COURT:  Okay.  Mr. Dove, it's my understanding

4    that you wish to enter a guilty plea today; is that correct?

5           THE DEFENDANT:  Yes, Your Honor.

6           THE COURT:  Before I can accept your guilty plea, the

7    law requires that I make sure that you are pleading guilty

8    freely and voluntarily and that there's an independent factual

9    basis to support your plea.

10          To do that this morning, I am going to ask you some

11   questions both about yourself and your case.  If for whatever

12   reason you don't understand a question that I ask of you,

13   please let me know and I'll do my best to explain myself

14   better.  Do you understand?

15          THE DEFENDANT:  Yes, Your Honor.

16          THE COURT:  Also, if at any point during the course

17   of the proceeding this morning you wish to speak with your

18   lawyer, please let me know that as well and I'll provide you

19   with whatever opportunity you need to confer with him in

20   private.  Do you understand?

21          THE DEFENDANT:  Yes, Your Honor.

22          THE COURT:  To impress upon you the importance of

23   your answers to my questions, I'm going to ask you those

24   questions while you're under oath.  If you knowingly answer

25   any of my questions falsely after having taken the oath, you

1   could be subject to a prosecution for perjury or making a

2   false statement.  Do you understand?

3           THE DEFENDANT:  Yes, Your Honor.

4           THE COURT:  Madam Clerk, if you could please

5   administer the oath.

6           COURTROOM DEPUTY CLERK:  Please stand and raise your

7   right hand.

8   (Defendant sworn.)

9           THE DEFENDANT:  I do.

10          DEPUTY COURTROOM CLERK:  Thank you.  Please state

11  your name for the record.

12          THE DEFENDANT:  Jack R. Dove, III.

13          COURTROOM DEPUTY CLERK:  Thank you.

14          THE COURT:  Mr. Dove, if you could tell us how old

15  you are, sir.

16          THE DEFENDANT:  I'm -- I believe I'm 39 or 40.

17  3/7/81.  I don't know.  I stopped keeping track of my age.

18          THE COURT:  You were born on what date?

19          THE DEFENDANT:  March 7th, 1981.

20          THE COURT:  Okay.  How far did you go in school?

21          THE DEFENDANT:  Seventh grade.

22          THE COURT:  Can you read and write in the English

23  language?

24          THE DEFENDANT:  Yes.

25          THE COURT:  Have you ever been treated for any mental

1    illness or any addiction to a narcotic drug?

2        THE DEFENDANT:  No.

3        THE COURT:  Are you currently under the influence of

4    any drug, medication or alcoholic beverage?

5        THE DEFENDANT:  I take medication but nothing else.

6        THE COURT:  What medication do you take?

7        THE DEFENDANT:  As far as controlled substances,

8    just --

9        THE COURT:  No.  Any medication that you take.

10        THE DEFENDANT:  Well, there's a lot, but I don't know

11    the names.  None of them affect my ability.  I'm not

12    impaired or anything, but just for diabetes like Metformin,

13    anxiety, which would be Alprazolam and Adderall, but I haven't

14    taken Adderall today, so.

15        THE COURT:  What does the Adderall address?

16        THE DEFENDANT:  It's attention deficit disorder, HDD,

17    H --

18        THE COURT:  So as I understand --

19        THE DEFENDANT:  ADD, I'm sorry, Your Honor.

20        THE COURT:  That's okay.  So as I understand, you

21    take medications for anxiety or attention issues.  And what

22    was the other reason, diabetes?

23        THE DEFENDANT:  Anxiety, and also Atenolol which is

24    just a blood pressure medication, mostly just from the

25    situation, so, but I'm not impaired in any way.

1              THE COURT:  Other than the medications to which

2    you've referred for anxiety, blood pressure, diabetes, and

3    attention issues, are there any other medications that you

4    take?

5              THE DEFENDANT:  No, Your Honor.

6              THE COURT:  Do any of those medications that you take

7    for those conditions affect your ability to think clearly?

8              THE DEFENDANT:  No, Your Honor.

9              THE COURT:  Outside of the medications, do you take

10   any other drugs or controlled substances?

11             THE DEFENDANT:  No, Your Honor.

12             THE COURT:  Are you currently under the influence of

13   any alcoholic beverage?

14             THE DEFENDANT:  No, Your Honor.

15             THE COURT:  Is your mind clear this morning?

16             THE DEFENDANT:  It is.

17             THE COURT:  Do you clearly understand where you are,

18   what you are doing and the importance of this proceeding?

19             THE DEFENDANT:  I do, Your Honor.

20             THE COURT:  Mr. Fitzgerald, any issues with respect

21   to your client's competency as we sit here in the courtroom

22   this morning?

23             MR. FITZGERALD:  No concerns, Your Honor.

24             THE COURT:  If you could explain your answer in

25   summary form focusing in on, among other things, your client's

1   ability to ably assist in his defense and understand the

2   nature of the proceedings.

3           MR. FITZGERALD:  Yes, Your Honor.  We have been

4   involved in this case for over two years.  He's been able to

5   review documents that I have been able to present to him.

6   He's been able to discuss issues and answer questions.  He

7   also participated in trial for four days where he's able to

8   review the evidence and discuss the evidence and the testimony

9   of witnesses during the trial.  And I never had any concerns

10  that he has mental health issues or problems understanding

11  facts or situations in the case.

12          THE COURT:  And based on your experience, is it your

13  sense that your client fully understands the nature of the

14  proceedings?

15          MR. FITZGRALD:  Yes, Your Honor.

16          THE COURT:  He's mentioned a number of medications.

17  Any issues there?

18          MR. FITZGERALD:  With his competency or how they

19  affect his ability to think clearly?

20          MR. FITZGRALD:  Not that I have ever noticed, Your

21  Honor.

22          THE COURT:  Okay.  Thank you.  Ms. Thelwell, based on

23  the Government's investigation, any concerns with the

24  Defendant's competency?

25          MS. THELWELL:  No, Your Honor.

1          THE COURT:  Thank you.  Mr. Dove, you have the right

2     to plead guilty before the District Judge assigned to this

3     case.  If you wish, however, you can enter your guilty plea

4     before me.  I am a magistrate judge which is a judge of lesser

5     authority.  The District Judge, in this case Judge Honeywell,

6     is ultimately the one who will sentence you.

7          You and Mr. Fitzgerald have signed a form this

8     morning indicating that you wish to proceed with your guilty

9     plea before me.  Before signing this form, did you discuss the

10    matter of pleading guilty before me with your lawyer?

11         THE DEFENDANT:  I did, Your Honor.

12         THE COURT:  Is that still what you would like to do?

13         THE DEFENDANT:  It is, Your Honor.

14         THE COURT:  Did anyone threaten, coerce or force you

15    in any way to get you to consent to pleading guilty before me?

16         THE DEFENDANT:  No, Your Honor.

17         THE COURT:  Did anyone make any promises to you to

18    get you to consent to pleading guilty before me?

19         THE DEFENDANT:  None.

20         THE COURT:  Have you had an opportunity, Mr. Dove, to

21    review all of the facts and the evidence in this case with

22    your lawyer?

23         THE DEFENDANT:  I have, Your Honor.

24         THE COURT:  Have you discussed with your lawyer all

25    of your options in this case including the option obviously of

1    taking your case to trial?

2            THE DEFENDANT:  I have.

3            THE COURT:  Are you fully satisfied with the advice

4    and representation you have received from your lawyer?

5            THE DEFENDANT:  I am.

6            THE COURT:  Ms. Thelwell, were there any formal plea

7    offers extended to Mr. Dove in connection with his guilty

8    plea?

9            MS. THELWELL:  No, Your Honor.

10            THE COURT:  Mr. Dove, it's my understanding that you

11    are or it is your intent to enter an open guilty plea; that is

12    one without the benefit of a written plea agreement.  Is that

13    correct?

14            THE DEFENDANT:  That's correct, Your Honor.

15            THE COURT:  Are you satisfied with your decision to

16    enter a plea of guilty without the benefit of a plea

17    agreement?

18            THE DEFENDANT:  I would like to have a plea agreement

19    but I don't think it's on the table, so, yes.

20            THE COURT:  Ms. Thelwell, is that correct, that there

21    is no plea agreement offered here?

22            MS. THELWELL:  Correct.

23            THE COURT:  Has anyone made any -- Mr. Fitzgerald.

24            MR. FITZGRALD:  For the record, I discussed a plea

25    agreement months ago with Ms. Thelwell, the plea in which he

DIGITAL TRANSCRIPTION
UNITED STATES DISTRICT COURT - MDFL- TAMPA DIVISION

1   plea as charged, and she wanted to know if we were interested

2   in doing that, then she would write up a plea agreement.

3   Mr. Dove at that time was not interested so no plea agreement

4   was ever written or tendered.

5             THE COURT:  Okay.  Mr. Dove, has anyone made any

6   promises or representations to you to get you to plead guilty

7   in this case?

8             THE DEFENDANT:  No, Your Honor.

9             THE COURT:  I'm going to ask both the Government and

10  the defense if any promises or representations have been made

11  to the Defendant in connection with his guilty plea.

12  Ms. Thelwell.

13            MS. THELWELL:  No, Your Honor.

14            THE COURT:  Thank you.  Mr. Fitzgerald?

15            MR. FITZGRALD:  No, Your Honor.

16            THE COURT:  Mr. Dove, has anyone threatened, coerced

17  or otherwise forced you in any way to get you to plead guilty

18  in this case?

19            THE DEFENDANT:  No, Your Honor.

20            THE COURT:  Are you pleading guilty freely and

21  voluntarily?

22            THE DEFENDANT:  I am.

23            THE COURT:  Is your decision to plead guilty this

24  morning a decision that you have made only after having had a

25  full and ample opportunity to discuss the matter with your

1    lawyer?

2              THE DEFENDANT:  I am.

3              THE COURT:  Ms. Thelwell, I may have already asked

4    you this.  Is it a case that no plea offer or plea agreement

5    was written because this case is four days into trial?

6              MS. THELWELL:  Correct, Your Honor.  And as

7    Mr. Fitzgerald stated, this case was initially indicted back

8    in 2019, January of 2019.  Early on at some point in 2019, I

9    did have that conversation with Mr. Fitzgerald indicating that

10   if he wanted to plead guilty it would have to be to the

11   charges in the indictment, which my understanding was Mr. Dove

12   was not interested so I never drafted a plea agreement.

13             THE COURT:  Okay.  The offenses to which you are

14   pleading guilty, Mr. Dove, are felony offenses.  I want to

15   make sure that you understand that once you are adjudged

16   guilty of those offenses, that adjudication may deprive you of

17   certain valuable civil rights that you have such as the right

18   to vote, the right to hold public office and the right to

19   possess any kind of a firearm.  Do you understand?

20             THE DEFENDANT:  Yes, Your Honor.

21             THE COURT:  Also, it's my understanding that you are

22   entering an unconditional plea, and I want to make sure that

23   in that respect you understand that a voluntary unconditional

24   guilty plea, such as the one that you are entering today, will

25   waive or constitute a waiver of all non-jurisdictional defects

1    in the proceedings, including any motions that you may have

2    filed like you did in this case to suppress evidence.  Do you

3    understand that?

4            THE DEFENDANT:  I do, Your Honor.

5            THE COURT:  The penalties to which you are subject to

6    your guilty plea are set forth in the Government's notice.

7    Did you review those with Mr. Fitzgerald?

8            THE DEFENDANT:  I did.

9            THE COURT:  I will review them with you as well here

10   in open court.

11           The penalty for the offense charged in Count One of

12   the indictment is set forth in the Government's notice is a

13   mandatory minimum term of imprisonment of five years and a

14   maximum term of imprisonment of 20 years, a maximum fine of

15   $250,000 or both, a term of supervised release of at least

16   five years and up to life, and a mandatory special assessment

17   of $100 that will be due on the date of sentencing.

18           Penalties for the offense charged in Count Two of the

19   indictment are a term of imprisonment not to exceed 20 years,

20   a maximum fine of $250,000 or both, a term of supervised

21   release of at least five years and up to life, and a mandatory

22   special assessment of $100 which will again be due on the date

23   of sentencing.

24           In addition as pointed out in the Government's notice

25   moving on to page three, pursuant to Section 3014 of Title 18

1   United States Code, the Court shall impose a $5,000 special

2   assessment on any non-indigent defendant convicted of an

3   offense involving or in violation of certain enumerated

4   statutes involving peonage, slavery and trafficking in

5   persons, sexual abuse, sexual exploitation and other abuse of

6   children, transportation for illegal sexual activity, or human

7   smuggling in violation of the Immigration and Nationality Act

8   exempting any individual involved in the smuggling of an alien

9   who is the alien's spouse, parent, son or daughter.

10          In addition, with respect to certain offenses, the

11  Court shall order the Defendant to make restitution to any

12  victim of the offense, and with respect to other offenses, the

13  Court may order the Defendant, that is you, to make

14  restitution to any victim of the offense or offenses or to the

15  community as set forth more particularly, it says here, below.

16          MS. THELWELL:  Right, Your Honor.  That last phrase

17  should be stricken.

18          THE COURT:  So, again, Mr. Dove, with respect to

19  certain offenses, the Court shall order you to make

20  restitution to any victim of the offense, and with respect to

21  other offenses, the Court may order you to make restitution to

22  any victim of the offense or to the community.

23          With respect to the maximum sentence for Count Two,

24  as further noticed or identified in the notice found at

25  Document 20 -- I'm sorry -- 208, the maximum sentence for

1  Count Two increases from 10 years to 20 years because the

2  following facts had been admitted by you and are established

3  beyond a reasonable doubt by your plea of guilty; namely, that

4  you possessed visual depictions of child pornography involving

5  prepubescent -- a prepubescent minor or a minor who had not

6  attained 12 years of age.

7           Mr. Fitzgerald, any disagreement there?

8           MR. FITZGRALD:  The Defendant does not disagree, Your

9  Honor.

10          THE COURT:  Okay.  Mr. Dove; is that correct?

11          THE DEFENDANT:  Correct, Your Honor.

12          THE COURT:  In addition, as pointed out in the notice

13  found at Document 208, you will be required to forfeit

14  property pursuant to the statutory provisions cited; namely,

15  Section 2253 of Title 18 United States Code as outlined in the

16  indictment.

17          The forfeiture will include but is not limited to the

18  following:  Any visual depiction described in Title 18 United

19  States Code Sections 2251, 2251A or 2252, 2252A, 2252B, or

20  2260 of Chapter 110 of Title 18 or any book, magazine,

21  periodical, film, videotape, or other matter which contains

22  any such visual depiction which was produced, transported,

23  mailed, shipped, or received in violation of Chapter 110.

24          The items to be forfeited further include any

25  property, real or personal, constituting or traceable to gross

1    profits or other proceeds obtained from such offense or

2    offenses and additionally any property, real or personal, used

3    or intended to be used to commit or to promote the commission

4    of such offense or offenses or any property traceable to such

5    property.

6           Do you understand, Mr. Dove, all of the possible

7    punishment consequences of your guilty plea including those

8    that I have reviewed with you so far?

9           THE DEFENDANT:  I do, Your Honor.

10          THE COURT:  With respect to the matter of supervised

11   release, I want to make sure that you understand that once you

12   are released from any term of imprisonment, the Court will

13   have you on a term of supervised release which will include

14   certain restrictions on your behavior.

15          If you violate any of those restrictions while on

16   supervised release, the Court may after conducting a hearing

17   on the matter revoke your term of supervised release and

18   sentence you to additional jail time.  Do you understand?

19          THE DEFENDANT:  Yes, Your Honor.

20          THE COURT:  I'm going to take a few minutes now to

21   explain the process that will occur after today's hearing.  If

22   the Court accepts your guilty plea, it will direct a probation

23   officer to prepare a presentence report for Judge Honeywell,

24   the District Judge assigned to this case, to review in

25   anticipation of your sentencing.

1          The presentence report will contain a number of

2    parts.  One part will describe the facts of your case.

3    Another part will describe how the advisory sentencing

4    guidelines apply to your case, and yet another part will

5    describe your personal history including any criminal record

6    you may have.

7          It's important that you understand that before the

8    District Judge, that is Judge Honeywell, sees this report in

9    advance of your sentencing, you and Mr. Fitzgerald will have

10   an opportunity to review the report and to object to any

11   portions of the report with which you disagree.

12         If the probation officer who drafted the report

13   declines to change the report to satisfy your objections,

14   you'll have an opportunity to take your objections directly to

15   Judge Honeywell for her to resolve and to hear.  Just as you

16   have a right to review and object to the presentence report,

17   so too does the Government.

18         Do you understand this part of the process as I've

19   described it to you?

20         THE DEFENDANT:  I do, Your Honor.

21         THE COURT:  At the time of your sentencing, the

22   District Judge will give you, your lawyer and the Government

23   an opportunity to present information and evidence that are

24   relevant to the proceeding.  The District Judge will also rule

25   on it and decide any outstanding objections that either you or

1     the Government have made to the presentence report and she

2     will determine then what your advisory sentencing guidelines

3     range is.  She will then look to a sentencing statute and the

4     factors that it contains and ultimately give you a sentence

5     that she believes is reasonable under the law.

6             Do you understand this part of the process as I've

7     described it to you?

8             THE DEFENDANT:  I do, Your Honor.

9             THE COURT:  Now, have you reviewed the sentencing

10    guidelines with your lawyer?

11            THE DEFENDANT:  I have.

12            THE COURT:  I want to emphasize, as I've done

13    throughout this proceeding, that the sentencing guidelines are

14    advisory.

15            What that means, Mr. Dove, is that the District Judge

16    will have the authority to give you a sentence that is either

17    greater or less than the advisory guideline range subject to

18    the mandatory minimums that apply in your case.  Do you

19    understand?

20            THE DEFENDANT:  I do, Your Honor.

21            THE COURT:  Mr. Fitzgerald, as an experienced lawyer,

22    may have given you an opinion as to what he believes your

23    advisory guideline range might be and ultimately what your

24    sentence might be as well.  It's important that you understand

25    that if your sentence turns out to be different than what you

1    expect, that you will not be allowed to withdraw your guilty

2    plea.  Do you understand?

3              THE DEFENDANT:  I do, Your Honor.

4              THE COURT:  By pleading guilty this morning, you are

5    not only admitting to the charges contained in Counts One and

6    Two of the indictment, you are giving up the following

7    important constitutional rights.

8              You have the right under the Constitution to persist

9    in your plea of not guilty.  You also have the right under the

10   Constitution to a jury trial at which the Government would be

11   required to prove the charges against you beyond a reasonable

12   doubt and to the unanimous satisfaction of a jury.

13             You have a constitutional right to the effective

14   assistance of counsel at all stages of your case, including at

15   trial.  If you could not afford an attorney, you have the

16   right under the Constitution to have an attorney appointed to

17   represent you at no cost.

18             You have the right under the Constitution to see and

19   hear all of the witnesses who testify against you and to

20   cross-examine those witnesses to challenge their testimony in

21   your defense.

22             You also have the right under the Constitution to

23   testify in your own defense, or if you so choose not to

24   testify, and the jury would be specifically instructed that it

25   could not hold it against you in any way that you decided not

1    to testify.

2          Finally, you have the right to issue subpoenas to

3    compel the attendance of witnesses who you believe would have

4    testimony favorable to your defense to come to the courthouse

5    and to testify.

6          Do you understand, Mr. Dove, that you have these

7    important constitutional rights?

8          THE DEFENDANT:  I do, Your Honor.

9          THE COURT:  Do you understand that by pleading guilty

10   today there will be no trial or the trial will end and you

11   will be waiving all of these constitutional rights?

12         THE DEFENDANT:  I do, Your Honor.

13         THE COURT:  First count of the indictment charges you

14   in sum and substance as follows:  On or about March 7th of

15   2017 here in the Middle District of Florida and elsewhere that

16   you did knowingly receive a visual depiction using any means

17   and facility of interstate and foreign commerce including by

18   computer and that had been shipped and transported in and

19   affecting interstate and foreign commerce when the production

20   of the visual depiction involved the use of a minor engaging

21   in sexually explicit conduct and the visual depiction was of

22   such conduct in violation of statutory provisions cited in the

23   indictment.

24         That charge has certain essential elements that the

25   Government would have to meet if your case went to trial and

1  to a jury.  Those elements are set forth in the Government's

2  notice.

3            They are as follows:

4            First, that you knowingly received a visual

5  depiction;

6            Second, that the depiction was shipped or transported

7  in interstate or foreign commerce by any means including a

8  computer;

9            Third, production or producing the visual depiction,

10  rather, involved using a minor engaged in sexually explicit

11  conduct;

12            Fourth, the depiction was of a minor engaged in

13  sexually explicit conduct; and

14            Fifth, you knew that at least one of the performers

15  in the visual depiction was a minor and knew that the visual

16  depiction was of such minor engaged in sexually explicit

17  conduct.

18            Count Two charges in sum and substance that beginning

19  on an unknown date but no later than on or about November 30th

20  of 2018, here in the Middle District of Florida and elsewhere

21  that you did knowingly possess and access with the intent to

22  view a matter which contained a visual depiction that had been

23  shipped and transported using any means and facility of

24  interstate and foreign commerce including by computer and when

25  the production of the visual depiction involved the use of a

minor engaging in sexually explicit conduct and that the
visual depiction was of such conduct and the depiction
involved a prepubescent minor and a minor who had not attained
12 years of age all in violation of the statutory provisions
cited in the indictment.

As with Count One, Count Two has certain of its own
essential elements the Government would have to prove.  Those
essential elements are set forth as well in the Government's
notice, and they are as follows:

First, that you knowingly possessed a visual
depiction;

Second, that the depiction was shipped or transported
in interstate or foreign commerce by any means including a
computer;

Third, producing the visual depiction involved using
a minor engaged in sexually explicit conduct;

Fourth, the depiction was of a minor engaged in
sexually explicit conduct; and

Fifth, you knew that at least one of the performers
in the visual depiction was of a minor and you knew that the
visual depiction was of such minor engaged in sexually
explicit conduct.

Do you understand, Mr. Dove, that the Government
would be required to prove for you to be convicted each and
all of these essential elements beyond a reasonable doubt and

1    to the unanimous satisfaction of a jury.

2          THE DEFENDANT:  Yes, Your Honor.

3          THE COURT:  I mentioned at the outset that one of the

4    purposes of today's hearing is to ensure that there's an

5    independent factual basis to support your plea that satisfies

6    each and all of the essential elements of Count One and Two.

7          I'm now going to ask Ms. Thelwell to recite those

8    facts that she believes would meet all of those elements.  I

9    suspect she will read closely, if not verbatim, from the

10   factual basis contained in the Government's notice.  I'd ask

11   that you listen closely to what she has to say because I will

12   have some questions for you afterwards.

13         Ms. Thelwell.

14         MS. THELWELL:  Yes, Your Honor.  Welcome to Video,

15   "the Website," was the largest child pornography enterprise on

16   the Dark Web, containing over 100,000 videos of children

17   including infants and toddlers, being raped, sodomized, and

18   molested for the sexual gratification of its users.

19         The Website users created accounts and downloaded

20   child pornography by redeeming "points" awarded by The

21   Website, which users could obtain via purchase, with Bitcoin,

22   uploading material, or referring other users.  On an unknown

23   date, the Defendant Jack R. Dove, III, used his computer to

24   knowingly access the Website.  The Defendant created multiple

25   accounts on the Website, purchased membership privileges to

1  the Website and downloaded and received numerous child sex

2  abuse videos from the Website.

3  　　　　The Website server was physically located in South

4  Korea.  The Korean National Police agency seized the Website

5  server on March 5th, 2018 and provided a forensic copy of the

6  server data to U. S. law enforcement officials.  A review of

7  the Website database revealed that two accounts, later

8  determined to belong to the Defendant, had been used to

9  purchase "points" from the website on or about January 6th,

10  2017, and on or about February 1st, 2017.

11  　　　　The Defendant then used those "points" to download

12  approximately 8,738 megabytes worth of child pornographic

13  videos.  On or about August 9th, 2017, the Defendant used

14  Bitcoin to purchase a "VIP" membership which authorized him to

15  an unlimited number of downloads for a six-month period.

16  During his VIP membership status, the Defendant downloaded

17  approximately 38 child pornographic videos from the Website.

18  　　　　On or about November 30th, 2018, HSI agents executed

19  a federal search warrant at the Defendant's residence in

20  Lakeland, Florida which is within the Middle District of

21  Florida.  Agents seized multiple electronic devices, including

22  an Alienware laptop, SanDisk thumb drive and Infinitive thumb

23  drive.  A forensic analysis of the devices revealed that the

24  Defendant had used his Alienware laptop to access the Dark

25  Web.  Forensic analysts recovered a text document from the

1    Alienware laptop and Infinitive thumb drive that contained a

2    list of Dark Web websites including the unique Dark Web

3    address for The Website.

4         The SanDisk thumb drive contained 38 child

5    pornographic videos, 33 of which were exact matches to the

6    video files contained within the Website server.  All of the

7    videos had been received on the thumb drive by the Defendant

8    on or about March 7th, 2017.  Some videos are described as

9    follows:

10        A video entitled "10yo Fuck and Cum.mp4" that was

11   saved under the following file path "2\already watched\10yo

12   Fuck and Cum.mp4" created on or about March 7th 2017 and last

13   accessed on or about November 18th, 2018.  This video was

14   approximately 6 minutes and 53 seconds long and depicts a

15   prepubescent female child lying on top of an adult male (her

16   back on his chest) and his penis is between her legs while he

17   caresses her.  The adult male then penile penetrates the

18   child's vagina to ejaculation.

19        A second video is a video entitled "Pedomom & 6y.mp4"

20   that was saved in the same already watched file path created

21   on or about March 7th, 2017 and last accessed on or about

22   November 18th, 2018.  This video is approximately 33 minutes

23   long and depicts a prepubescent female child being vaginally

24   stimulated by an adult female's tongue.  The adult female then

25   inserts a foreign object into the child's vagina while she

1   continues to orally stimulate the child's vagina.  While a

2   foreign object is inside the child's vagina, the adult female

3   inserts a foreign object into the child's anus.  The child

4   then orally stimulates the adult female's vagina while

5   inserting a foreign object into the adult female's vagina.

6   The adult female then digitally penetrate the child's vagina.

7        The third video is a video entitled "[pthc] 2yo-5yo

8   Toddler Fucking Compilation," a 46-minute video saved in the

9   same file path of the already watched folder.  This file was

10  created on or about March 7th, 2017 and last accessed on or

11  about November 18th, 2018.  This compilation video is

12  approximately 45 minutes and 41 seconds long and depicts

13  several prepubescent female children, toddlers, and babies

14  being sexually exploited.  The first two screens of the video

15  depict a prepubescent toddler approximately one-year old

16  manually and orally stimulating the adult male's erect penis

17  and then a female toddler, approximately two years old, orally

18  stimulating an adult male's erect penis.  The adult male then

19  attempts to vaginally penetrate the child's vagina with his

20  erect penis while he manually stimulates himself.

21        In addition to the child's sex abuse material that

22  the Defendant received from the Website, he was found in

23  possession of six other child pornographic videos that

24  depicted prepubescent children under the age of 12, sadistic

25  or masochistic conduct, bondage, depictions of violence or

30

1    sexual abuse, or the exploitation of an infant or toddlers.

2          THE COURT:  Thank you, Ms. Thelwell.

3          Mr. Dove, did you go through all of these facts in

4    advance of the Court taking the bench?

5          THE DEFENDANT:  I did, Your Honor.

6          THE COURT:  You reviewed them with your Counsel; is

7    that correct?

8          THE DEFENDANT:  I did.

9          THE COURT:  Do you have any disagreement with the

10   facts recited in the Government's notice and as recited by

11   AUSA Thelwell?

12         THE DEFENDANT:  The only thing, Your Honor, is my

13   wife's MacBook has been removed from here and her -- and

14   there's no mention of Chaturbate.

15         THE COURT:  Mr. Fitzgerald, I'm not familiar with

16   what those are or why they are relevant here.

17         MR. FITZGRALD:  Your Honor, in the trial, the

18   Government presented evidence of a record from a forensic

19   search I think from the Alienware of someone multiple times

20   going to a cite called Chaturbate which the case agent or the

21   forensic analyst testified is known by law enforcement to

22   contain child pornography.

23         Additionally, there were a lot of devices seized and

24   on the MacBook, on a MacBook, I don't believe anything was

25   found on the MacBook but there was a Toshiba hard drive that

1   had backups of -- it contained it looked like Safari searches

2   which I think is generally only Apple which would be a MacBook

3   and had indications of titles that were indicative of

4   potentially child pornography that the agent referenced, but I

5   don't know if any of those files were found.  I think those

6   are the things he was talking about.

7          THE COURT:  The Court is going to take a recess.

8          Mr. Dove, my question for you when I return will be

9   two-fold:  Whether you have, again, reviewed all the facts

10  contained in the Government's notice and whether you have any

11  disagreement with those facts as they relate to you.

12         We'll be in recess.  You can let me know,

13  Mr. Fitzgerald, when you're ready.

14         MS. THELWELL:  I want to apologize.  I want clarity

15  before you leave the bench.  I didn't hear the Defendant's

16  first statement.  All I heard was something about there was no

17  mention of Chaturbate but I don't know what he said before

18  that.

19         THE COURT:  The Court can play that portion of the

20  record back here.  I'm going to return to the bench after I

21  take a recess.  I'm going to wait to hear from you,

22  Mr. Fitzgerald.

23  (Recess had at 11:53 a.m.)

24  (Court resumed at 12:01 p.m.)

25         THE COURT:  The record should reflect that the Court

 1   has taken roughly a 15-minute recess.  Mr. Fitzgerald, are

 2   there a set of agreed-upon facts here between the parties that

 3   meet the essential elements of Counts One and Two?

 4          MR. FITZGRALD:  There are a set of agreed-upon facts

 5   contained in the notice filed by the Government that Mr. Dove

 6   agrees to.

 7          He indicates that there's additional things at the

 8   house that he can address, but he's admitting to everything

 9   contained in the factual basis, Your Honor.

10          THE COURT:  Okay.  Thank you.

11          Mr. Dove, I'll go back to my question from

12   immediately before the Court took a recess.  Did you hear all

13   the facts recited by the prosecutor?

14          THE DEFENDANT:  I did, Your Honor.

15          THE COURT:  And did you review all of the facts

16   contained in the Government's Notice 208?

17          THE DEFENDANT:  I did, Your Honor.

18          THE COURT:  And do you have any disagreement with the

19   facts contained in the notice and recited by the prosecutor?

20          THE DEFENDANT:  Can I explain to you, Your Honor?  I

21   don't -- I don't want to agree with the facts.  I do.  I

22   just --

23          THE COURT:  Just let me be clear.  Do you have any

24   disagreement with the facts recited in --

25          THE DEFENDANT:  I do, Your Honor.

```
 1              THE COURT:  If you'll allow me to finish.
 2              Do you have any disagreement with the facts contained
 3    in the Government's notice found at 208, and those recited by
 4    the prosecutor?
 5              THE DEFENDANT:  I do, Your Honor.
 6              THE COURT:  Do you have -- you disagree with them?
 7              THE DEFENDANT:  Yes.  There may be additional data
 8    that's missing, so I do not agree as it's stated.
 9    (Defendant and Counsel confer off the record.)
10              THE DEFENDANT:  Yes, Your Honor, I don't disagree
11    with any of them.  I'm just saying that there may be more
12    content that wasn't included is what I'm trying to say.
13              THE COURT:  Let me just take this, if I could, in
14    series.
15              Again, I will ask you the question.  Did you hear all
16    the facts recited by the prosecutor and have you reviewed all
17    of the facts contained in the factual basis section of the
18    Government's notice found at Document 208?
19              THE DEFENDANT:  I have, Your Honor.
20              THE COURT:  Do you have any disagreement with those
21    facts as they relate to you?
22              THE DEFENDANT:  I do, Your Honor.
23              THE COURT:  Okay.  What disagreement do you have?
24              THE DEFENDANT:  I don't see it included in here.  I
25    don't understand the -- a --
```

34

1          THE COURT:  The Court will take another recess to

2     allow Counsel to confer with Mr. Dove.

3          Mr. Dove, in order for the Court to accept your

4     guilty plea, there has to be an agreed upon set of facts that

5     meet each and all of the essential elements of Counts One and

6     Two.

7          The Government has proposed facts here in its notice

8     that it maintains meet all of the essential elements.  My

9     understanding when I took the bench was that you had reviewed

10     that and there was no disagreement, but if you have a

11     disagreement, that is your right.

12          In the end, what I'll need to know is if the parties

13     agree on a set of facts that meet the essential elements for

14     Counts One and Two.  I will return to the bench once that

15     particular question has been answered, whether there is or

16     there is not a set of facts that the parties agree upon that

17     meet all the essential elements.

18          We'll be in recess until then.

19          THE DEFENDANT:  Excuse me, Your Honor.

20          COURT SECURITY OFFICER:  All rise.

21     (Recess taken at 12:04 p.m.)

22     (Court resumed at 12:22.)

23          THE COURT:  Mr. Fitzgerald, where do we stand?

24          MR. FITZGRALD:  Your Honor, he's agreeing to the

25     factual basis in the --

1          THE DEFENDANT:  I'll agree.

2          MR. FITZGERALD:  He's agreed to the factual basis in

3    the Government's Document 2,008.

4          THE COURT:  I think it's 208.

5          MR. FITZGERALD:  I'm sorry, 208.

6          THE COURT:  With any qualification or caveats?

7          MR. FITZGRALD:  No, Your Honor.

8          THE COURT:  I will ask you a series of questions just

9    to make sure that there's no misunderstanding.  The factual

10   basis that's recited in Document 208 is found on pages four,

11   five, six and seven.

12         Mr. Dove, I'll ask you again, have you reviewed all

13   of those facts in detail now again with your lawyer?

14         THE DEFENDANT:  I have.

15         THE COURT:  Do you have any disagreement with those

16   facts as they relate to you?

17         THE DEFENDANT:  No, Your Honor.

18         THE COURT:  Has anyone forced, coerced or threatened

19   you in any way to get you to agree to these set of facts?

20         THE DEFENDANT:  No, Your Honor.

21         THE COURT:  You agree to those facts knowingly and

22   voluntarily?

23         THE DEFENDANT:  Yes, Your Honor.

24         THE COURT:  And without any hesitation?

25         THE DEFENDANT:  Yes, Your Honor.

36

```
 1            THE COURT:  Ms. Thelwell, I have heard the Defendant
 2   agree to the set of facts.  With respect, singularly, to that
 3   issue, do you have anything further that you wish the Court to
 4   add?
 5            MS. THELWELL:  No, Your Honor.
 6            THE COURT:  Just to be clear, Mr. Dove, do you agree
 7   to those facts without any caveats or other amendments?
 8            THE DEFENDANT:  No, Your Honor.
 9            THE COURT:  I asked if you agreed to those set of
10   facts without any caveat.
11            THE DEFENDANT:  No --
12            THE COURT:  If you will allow me to finish.  If you
13   and I are talking at the same time  --
14            THE DEFENDANT:  I apologize.
15            THE COURT:  -- it can't be recorded.  That's okay.
16            Do you agree to those facts without any amendments or
17   any caveats?
18            THE DEFENDANT:  Yes, I agree.
19            THE COURT:  Before I proceed to take the Defendant's
20   guilty plea, does either the Government or the defense have
21   any additional areas they believe I should cover, any
22   additional questions they believe I should ask?  Ms. Thelwell?
23            MS. THELWELL:  No, Your Honor.
24            THE COURT:  Mr. Fitzgerald?
25            MR. FITZGRALD:  I've been advised of nothing else,
```

37

```
 1   Your Honor.
 2            THE COURT:  I'm sorry.  I couldn't quite hear you.
 3            MR. FITZGRALD:  I'm sorry.  I have been advised of
 4   nothing else.
 5            THE COURT:  Okay.  Regardless of whether you've been
 6   advised of anything, do you yourself have any additional areas
 7   that you believe the Court should cover, any additional
 8   questions you believe the Court should ask?
 9            MR. FITZGRALD:  No, Your Honor.
10            THE COURT:  Okay.  Mr. Dove, I'm prepared to take
11   your guilty plea.  You can let me know when you're prepared to
12   move forward simply by standing up along with your lawyer
13   Mr. Fitzgerald.
14            Mr. Dove, how do you to plead to Count One of the
15   indictment, guilty or not guilty?
16            THE DEFENDANT:  Guilty, Your Honor.
17            THE COURT:  How do you plead to Count Two of the
18   indictment, guilty or not guilty?
19            THE DEFENDANT:  Guilty, Your Honor.
20            THE COURT:  Mr. Fitzgerald, are you satisfied that
21   your client is competent and he's pleading guilty knowingly
22   and voluntarily with a full understanding of the consequences
23   of his guilty plea?
24            THE DEFENDANT:  Yes, Your Honor.
25            THE COURT:  Thank you to you both.  You both may sit
```

1  down.

2          Mr. Fitzgerald or Mr. Dove, I told you at the

3  beginning that if you had any questions for the Court in

4  connection with your guilty plea, I'd do my best to answer

5  them.  Do you have any such questions?  Now would be your last

6  opportunity to ask such questions.

7          THE DEFENDANT:  Can I have one second, Your Honor?

8          THE COURT:  Yes.

9  (Brief pause.)

10          THE DEFENDANT:  No, Your Honor.

11          THE COURT:  Based upon the Defendant's answers to my

12  questions throughout the plea colloquy this afternoon or this

13  morning, my observations of his demeanor throughout and the

14  representations of Counsel, I find that the Defendant is fully

15  competent and capable of entering an informed guilty plea,

16  that he is aware of the nature of the charges to which he is

17  pleading guilty and the consequences of his guilty plea and

18  that his guilty plea is a knowing and voluntary one supported

19  by an independent factual basis that satisfies each of the

20  essential elements of Counts One and Two of the indictment.

21          In my report to the District Judge, I will,

22  therefore, recommend that the Defendant's plea of guilty be

23  accepted, that he be adjudged guilty and his sentence be

24  imposed accordingly.

25          Mr. Fitzgerald, as you know, a party ordinarily has

1   14 days from the date of the issuance of a report and

2   recommendation to file written objections to that report and

3   to its factual findings and legal conclusions.  A party's

4   failure, as you know, to file written objections or to move

5   for an extension of time to do so waives the party's right to

6   challenge on appeal any un-objected to factual findings or

7   legal conclusions the District Judge, rather, adopts from the

8   report and recommendation.  It's my understanding that your

9   client is waiving the 14-day period; is that correct?

10          MR. FITZGERALD:  Your Honor, I have discussed the

11  14-day period to object to the report and recommendation with

12  him.  He understands that he's pleading guilty in the middle

13  of a jury trial with the jury out waiting for further

14  testimony and in light of that he knows that the District

15  Court judge would be required to take the plea quickly or the

16  trial will proceed, and because of that, he's going to waive

17  his right to the 14-day objection period to the report and

18  recommendation.

19          THE COURT:  Okay.  Mr. Dove, have you discussed this

20  issue of the waiver of the 14-day period with your lawyer?

21          THE DEFENDANT:  I have.

22          THE COURT:  Having discussed the matter of the 14-day

23  objection period with your lawyer, do you now waive your --

24  that 14-day period?

25          THE DEFENDANT:  I do.

1          THE COURT:  Has anyone threatened, coerced or forced

2     you in any way to get you to waive the 14-day objection

3     period?

4          THE DEFENDANT:  No, Your Honor.

5          THE COURT:  Did anyone make any promises to you to

6     get you to waive the 14-day period?

7          THE DEFENDANT:  No, Your Honor.

8          THE COURT:  Ms. Thelwell, with respect to the issue

9     of Defendant's continued pretrial release, any issues there?

10          MS. THELWELL:  Your Honor, under 18 U.S.C. 3143 there

11     is a requirement that when the Defendant is found guilty for

12     an offense that's described in sub -- excuse me -- 18 U.S.C.

13     3142(f)(1), such as here as far as the child exploitation

14     offenses, that he must be remanded unless the Court were to

15     find that there's a substantial likelihood that a motion for

16     acquittal or new trial would be granted, which does not apply

17     here, or the attorney for the Government has recommended that

18     no sentence of imprisonment be imposed on the person, which

19     does not apply here, because there is a five year mandatory

20     minimum and the judicial officer finds by clear and convincing

21     evidence that the person is not likely to flee or pose a

22     danger to any other person in the community.

23          The Government's position is that now that Mr. Dove

24     has been adjudicated guilty by the Court --

25          THE COURT:  He hasn't been adjudicated guilty.  It's

 1   simply a report and recommendation at this stage.

 2          MS. THELWELL:  So what --

 3          THE COURT:  It has to be accepted by the District

 4   Court.

 5          MS. THELWELL:  Yes, Your Honor.  My understanding is

 6   that Mr. Dove just waived his 14 day -- essentially a waiting

 7   period before the Court, the District Court were to adopt the

 8   magistrate report and recommendation, and my understanding is

 9   that it's Judge Honeywell's intent to do that immediately

10   because the jury was waiting.  So I'm wondering at what time

11   should I bring this argument to the Court?

12          THE COURT:  I think once the judge adjudicates, if

13   that happens today, that would be the appropriate time to

14   raise the issue if you are relying on the adjudication, which

15   it appears you are.

16          My question to you was had there been any issues with

17   respect to pretrial release?

18          MS. THELWELL:  I am not aware of any.

19          THE COURT:  Okay.  So I'll leave it to you,

20   Ms. Thelwell, if you seek to make a motion to bring it at the

21   appropriate time.  Mr. -- anything besides that, Ms. Thelwell?

22          MS. THELWELL:  No, Your Honor.

23          THE COURT:  Mr. Fitzgerald, anything from the

24   defense?

25          MR. FITZGRALD:  Nothing further, Your Honor.

 1          THE COURT:  Thank you to all.  We'll be in recess.
 2   (Court adjourned.)
 3   (Court resumed after adjournment.)
 4          THE COURT:  I asked if you had anything further from
 5   the Court and then it takes a recess, I can't entertain --
 6          MS. THELWELL:  I'm sorry.
 7          THE COURT:  -- a discussion with the parties at that
 8   point without going back on the record.
 9          So, I'm sorry, your question that you began was?
10          MS. THELWELL:  My question was:  Is Judge Honeywell
11   expecting us?  Do you know that?  I don't know if she had
12   communicated anything to you.  If not, that's fine.  I can
13   just go upstairs and look.
14          THE COURT:  If I could have a moment, Ms. Thelwell.
15   (Brief pause.)
16          THE COURT:  While we're looking into the issue,
17   Ms. Thelwell, it doesn't appear that in this case the oral
18   order has been given under the Due Process Protection Act.  Do
19   you know if it has?
20          MS. THELWELL:  I don't know if it has.  This Court or
21   this case was initiated before that, and I know that I had
22   seen several notices routinely entered in a lot of my pending
23   cases.  I don't know specifically if that was done in this
24   case.
25          THE COURT:  So those entries are for the written

1    notice.  But there's also an oral order that's required, so

2    out of an abundance of caution, I'll give you the oral order

3    now.

4              As required by Rule 5(f), the United States is

5    ordered to produce all exculpatory evidence to the Defendant

6    pursuant to Brady versus Maryland and its progeny.  Failing to

7    do so in a timely manner may result in sanctions including

8    exclusion of evidence, adverse jury instructions, dismissal of

9    charges and contempt proceedings.

10             Ms. Thelwell, I'm sure you're well aware of your

11   obligations under Brady and its progeny, but just for the

12   record, if you could confirm you understand.

13             MS. THELWELL:  I do, Your Honor.  Thank you.

14             THE COURT:  Thank you.

15   (Brief pause.)

16             THE COURT:  Ms. Thelwell, in response to your

17   question, it's our understanding that Judge Honeywell, and for

18   Mr. Fitzgerald's benefit and Mr. Dove's, does want you to

19   return to Courtroom 17.  Okay.  We'll be in recess.

20   (Court adjourned.)

21

22

23

24

25

1    UNITED STATES DISTRICT COURT   )

2                                   )

3    MIDDLE DISTRICT OF FLORIDA     )

4

5            I, SHARON A. MILLER, Official Court Reporter for the

6    United States District Court, Middle District of Florida, do

7    hereby certify that pursuant to Section 753, Title 28, United

8    States Code that the foregoing is a true and correct

9    transcript of the stenographic notes taken by computer-aided

10   transcription taken in the above-entitled cause by the

11   undersigned and that the transcript format is in conformance

12   with the regulations of the Judicial conference of the United

13   States.

14   /S/Sharon A. Miller, CSR, RPR, CRR, FCRR

15   Official Court Reporter

16

17

18

19

20

21

22

23

24

25