UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JACK R. DOVE, III,**

    Petitioner,

v.                                                   Case No.: 8:22-cv-1580-CEH-CPT
                                                                       Case No.: 8:19-cr-33-CEH-CPT

**UNITED STATES OF AMERICA,**

    Respondent.
_____/

**ORDER**

Jack R. Dove, III, files a counseled motion under 28 U.S.C. § 2255 to vacate his convictions and sentence for receipt and possession of child pornography. After pleading guilty, he currently serves a below-guidelines sentence of 110 months. Dove claims his guilty plea was unknowing and involuntary. He is entitled to no relief.

**I.    Background**

Dove was charged in a two-count indictment with receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). (Crim. Doc. 17) Dove initially entered a plea of not guilty and proceeded to trial. (Crim. Docs. 23 and 196) On the fourth day of trial, the United States rested its case-in-chief, and Dove's counsel[1] began a direct examination of Dove's wife, Ms. Melissa Dove, who invoked her Fifth

---

[1] At trial, Dove was represented by retained counsel, Mr. Timothy Fitzgerald.

Amendment privilege against self-incrimination in response to several questions. (Crim. Doc. 249 at 141–181)

The following morning, before direct examination of Ms. Dove resumed, Dove notified the district court that he wished to plead guilty. (Crim. Doc. 250 at 4) The same day, the magistrate judge conducted a change-of-plea hearing, and Dove pleaded guilty without a plea agreement to both counts in the indictment. (Crim. Doc. 251) Immediately following the plea hearing, the district court accepted Dove's guilty plea and adjudicated him guilty. (Crim. Doc. 218)

Dove's total offense level of 33 and his criminal history category of I produced an advisory guidelines range of 135 to 168 months. (Crim. Doc. 224 at ¶ 82) At sentencing, Dove lodged no objection to the factual accuracy of the presentence report. (Crim. Doc. 253 at 5, 35) Citing a policy disagreement with the guidelines, the district court varied downward from the guidelines range and sentenced him to 110 months. (Crim. Doc. 239 at 3; Crim. Doc. 253 at 30–34; Crim. Doc. 238) Dove filed no appeal.

## II.   Discussion

Instead, Dove filed a counseled[2] § 2255 motion in which he argues that his guilty plea was unknowing and involuntary because (1) he was under the influence of alcohol and controlled substances and suffering from cognitive deficiencies (Ground One), and (2) he believed he had to plead guilty in order to save his wife from being charged with perjury and pornography-related charges (Ground Two). (Crim. Doc.

---

[2] Dove retained new counsel, Mr. J. Jervis Wise, to represent him in this post-conviction action.

2

1) The United States responds that Dove's claims are procedurally defaulted and meritless.[3] (Civ. Doc. 7)

### A.     Ground One

Dove claims his guilty plea was unknowing and involuntary because he was under the influence of alcohol and controlled substances and was suffering from cognitive deficiencies.  According to Dove, he was prescribed Vicodin, Xanax, Valium, Ambien, and Adderall and was taking these medications "daily or multiple times per day." (Civ. Doc. 1 at 4)  He was "heavily abusing alcohol, consuming approximately a half of a gallon of vodka each day in the weeks surrounding his trial." (*Id.*)  And, he was "likely suffering from undiagnosed adverse mental health conditions . . . that hindered both his ability to understand the nature and consequences of the proceedings . . . as well as his ability to properly assist in his defense." (*Id.*)

Once a guilty plea becomes final, a subsequently filed § 2255 motion "is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative, then the conviction and the plea, as a general rule, foreclose the collateral attack." *United States v. Broce*, 488 U.S. 563, 569 (1989).  A

---

[3] Dove replies that his claims were not procedurally defaulted because "the involuntary [nature] of the plea . . . did not become apparent to Mr. Dove until after [trial proceedings concluded and the time to appeal expired], when his mental health improved." (Civ. Doc. 8 at 9)  Accepting as true that Dove's mental health improved (and the facts supporting his claims became available) after the time to appeal expired, the district court skips the procedural default analysis and proceeds to analyze the merits of his claims.  *See Dallas v. Warden*, 964 F.3d 1285, 1307 (11th Cir. 2020) ("[A] federal court may skip over the procedural default analysis if a claim would fail on the merits in any event."); *Garrison v. United States*, 73 F.4th 1354, 1359 n.9 (11th Cir. 2023) (same).

defendant's statements at the plea hearing "constitute a formidable barrier in any subsequent collateral proceedings" because "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge*, 431 U.S. at 74; *see also United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) ("There is a strong presumption that the statements under oath at a plea colloquy are true."). "[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988).

Dove's claim—that he was under the influence of alcohol and controlled substances and was suffering from cognitive deficiencies that hindered his ability to understand the nature and consequences of his guilty plea—is affirmatively contradicted by his sworn statements at the plea hearing. Dove stated that he was 40 years old, had completed the 7th grade, and had the ability to read and write English. (Crim. Doc. 251 at 8) He confirmed that he had never received medical treatment for any mental illness or addiction to a narcotic drug. (*Id*. at 8–9) He described the medications he was taking for anxiety, blood pressure, diabetes, and attention issues, but confirmed that none affected his cognitive abilities (*id*. at 9–10):

> COURT: Are you currently under the influence of any drug, medication or alcoholic beverage?
>
> DOVE: I take medication but nothing else.
>
> COURT: What medication do you take?
>
> DOVE: As far as controlled substances, just—
>
> COURT: No. Any medication that you take.

| | |
|---|---|
| DOVE: | Well, there's a lot, but I don't know the names. None of them affect my ability. I'm not impaired or anything, but just for diabetes like Metformin, anxiety, which would be Alprazolam and Adderall, but I haven't taken Adderall today, so. |
| COURT: | What does the Adderall address?<br>. . . |
| DOVE: | ADD. . . . |
| COURT: | . . . So as I understand, you take medications for anxiety or attention issues. And what was the other reason, diabetes? |
| DOVE: | Anxiety, and also Atenolol which is just a blood pressure medication, mostly just from the situation, so, but I'm not impaired in any way. |
| COURT: | Other than the medications to which you've referenced for anxiety, blood pressure, diabetes, and attention issues, are there any other medications that you take? |
| DOVE: | No, Your Honor. |
| COURT: | Do any of those medications that you take for those conditions affect your ability to think clearly? |
| DOVE: | No, Your Honor. |
| COURT: | Outside of the medications, do you take any other drugs or controlled substances? |
| DOVE: | No, Your Honor. |

5

Furthermore, when asked whether he was under the influence of any alcoholic beverages, Dove responded, "no," and expressed his understanding of the proceedings (*id.* at 10):

> COURT: Are you currently under the influence of any alcoholic beverage?
>
> DOVE: No, Your Honor.
>
> COURT: Is your mind clear this morning?
>
> DOVE: It is.
>
> COURT: Do you clearly understand where you are, what you are doing and the importance of this proceeding?
>
> DOVE: I do, Your Honor.

Similarly, neither Dove's trial counsel nor counsel for the United States had any concerns about Dove's competency (*Id.* at 10–11):

> COURT: Mr. Fitzgerald, any issues with respect to your client's competency as we sit here in the courtroom this morning?
>
> FITZGERALD: No concerns, Your Honor.
>
> COURT: If you could explain your answer in summary form focusing in on, among other things, your client's ability to ably assist in his defense and understand the nature of the proceedings.
>
> FITZGERALD: Yes, Your Honor. We have been involved in this case for over two years. He's been able to review documents that I have been able to present to him. He's been able to discuss issues and answer questions. He also participated in trial for four days where he's able to review the evidence and discuss the

6

|  |  |
|---|---|
|  | evidence and the testimony of witnesses during the trial. And I never had any concerns that he has mental health issues or problems understanding facts or situations in the case. |
| COURT: | And based on your experience, is it your sense that your client fully understands the nature of the proceedings? |
| FITZGERALD: | Yes, Your Honor. |
| COURT: | He's mentioned a number of medications. Any issues there? |
| FITZGERALD: | With his competency or how they affect his ability to think clearly? Not that I have ever noticed, Your Honor. |
| COURT: | Okay. Thank you. Ms. Thelwell, based on the Government's investigation, any concerns with the Defendant's competency? |
| [UNITED STATES]: | No, Your Honor. |

Later in the plea hearing, Dove questioned the magistrate judge about the factual basis supporting his guilty plea. (*Id.* at 30–36) And, after twice conferring with counsel, Dove lodged no objection to the facts. (*Id.* at 36) Based on Dove's sworn statements and demeanor throughout the hearing, the magistrate judge found that Dove was "fully competent and capable of entering an informed guilty plea," that he was aware of the nature of the charges, and that his guilty plea was knowing and voluntary. (*Id.* at 38) Dove never objected to this finding.

Other than his unsubstantiated claim that he was under the influence of alcohol and controlled substances and was suffering from cognitive deficiencies, Dove offers no evidence to disavow his sworn affirmations under oath that he was pleading guilty

7

freely, voluntarily, and knowingly. He explicitly confirmed at the plea hearing that none of his medications affected his cognitive abilities, that he was not under the influence of alcohol, and that he clearly understood the consequences of his plea. His ability to both answer and pose questions to the magistrate judge, as well as his ability to confer with counsel throughout the proceedings, undermines his current claim that he was unable to understand the nature and consequences of his guilty plea. In his reply, Dove even acknowledges that the record "suggest[s], on its face, that [he] was competent to proceed[.]" (Civ. Doc. 8 at 5) Dove is entitled to no relief because he made specific assurances under oath during the plea hearing that refute his current claim. *See Winthrop-Redin v. United States*, 767 F.3d 1210, 1217 (11th Cir. 2014) ("The district court is entitled to discredit a defendant's newly-minted story . . . when that story is supported only by the defendant's conclusory statements" and is contradicted by the record of the change-of-plea colloquy.).

**B.     Ground Two**

Dove claims his guilty plea was involuntary because he believed he had to plead guilty to save his wife from being charged with perjury and pornography-related charges. He believed the United States "was making arrangements to arrest his wife in retaliation for testifying as a defense witness" because "he overheard agents of the Government discussing obtaining a warrant for his wife's arrest." (Civ. Doc. 1 at 5) He believed "he could only save his wife from arrest (and save his children from losing their mother), if he entered a guilty plea." (*Id.*)

"A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void. A conviction based upon such a plea is open to collateral attack." *Machibroda v. United States*, 368 U.S. 487, 493 (1962). However, "when a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false." *Rogers*, 848 F.2d at 168.

Again, Dove's claim is affirmatively contradicted by his sworn statements at the plea hearing. On three occasions, the magistrate judge asked Dove whether "anyone threatened, coerced or otherwise forced [him] in any way," and each time, Dove responded, "no." (Crim. Doc. 251 at 12, 14, 35) Dove confirmed that no one had promised him anything to persuade him to plead guilty and that he was pleading guilty freely and voluntarily. (*Id.* at 14) He offers no evidence to disavow these sworn affirmations. He is entitled to no relief because he made specific assurances during the plea hearing that refute his current claim that he believed he had no choice but to plead guilty.

Furthermore, accepting as true that Dove believed his wife would be charged if he did not plead guilty, such belief does not amount to coercion that invalidates the voluntary nature of the guilty plea. The record contains no evidence that the United States agreed to forego charging Dove's wife in exchange for Dove's guilty plea. Nevertheless, Dove's mere belief that his choice would protect his wife and children does not amount to coercion. "Plea bargaining flows from 'the mutuality of advantage' to defendants and prosecutors, each with his own reasons for wanting to avoid trial." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) (holding that confronting

9

a defendant with the risk of more severe punishment is permissible) (quotation omitted); *see also Frank v. Blackburn*, 646 F.2d 873, 883 (5th Cir. 1980) ("[The government] is free to encourage guilty pleas by offering substantial benefits to a defendant, or by threatening an accused with more severe punishment should a negotiated plea be refused.").

### C. Evidentiary Hearing

Finally, Dove requests an evidentiary hearing. (Civ. Doc. 8 at 11–12) He claims he can "present evidence of the medications . . . [and] substance abuse" as well as witnesses "who communicated with him in the days surrounding the change of plea [and] who will corroborate his claims." (*Id*. at 12) Counsel represents he is "attempting to obtain medical health records" to corroborate Dove's claims. (*Id*.)

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). A § 2255 petitioner is entitled to an evidentiary hearing if he "alleges facts that, if true, would entitle him to relief." *Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002) (citation omitted). "[A] petitioner need only allege—not prove—reasonably specific, non-conclusory facts that, if true, would entitle him to relief." *Id*. at 715 n.6.

"However, a district court need not hold a hearing if the allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record." *Winthrop-Redin*, 767 F.3d at 1215; *see also Smith v. Singletary*, 170 F.3d

10

1051, 1054 (11th Cir. 1999) (explaining that a district court need not conduct an evidentiary hearing if the record conclusively shows petitioner is not entitled to relief). "Dismissal is also appropriate where a movant has presented conclusory allegations unsupported by specific factual assertions." *Reed v. United States*, 792 F. App'x 676, 677 (11th Cir. 2019). Furthermore, when a petitioner "alleg[es] that [his] guilty plea was induced by threats or coercion[,] . . . the allegations of the petitioner accompanied by his own affidavit are insufficient to mandate an evidentiary hearing in the face of a Rule 11 record detailing statements by the petitioner that his plea was not induced by any threats or coercion." *Matthews v. United States*, 533 F.2d 900, 902 (5th Cir. 1976).

      To refute his sworn statements at the plea hearing, Dove offers only his generalized and unsubstantiated claim that he was under the influence of alcohol and controlled substances and suffering from cognitive deficiencies. He claims he can present "evidence of the medications . . . [and] substance abuse[,]" but he provides no explanation or description of that "evidence." He neglects to identify the purported family witnesses he intends to call at an evidentiary hearing or explain how they would corroborate his claims. In his § 2255 motion, he lists his medications, but he neglects to identify a medical condition that impeded his ability to understand the proceedings or aid in his defense. And, he fails to explain how his purported cognitive deficiencies affected his ability to understand the proceedings or aid in his defense. The record of the trial, change of plea, and sentencing contains no suggestion of Dove's alleged incapacity. His bare assertion that he was "likely suffering from undiagnosed adverse

mental health conditions" is not "reasonably specific" such that an evidentiary hearing is warranted. *Aron*, 291 F.3d at 715 n.6.

Dove's claim that he believed he had to plead guilty to save his wife from being charged is similarly vague and unsubstantiated. Dove suggests that the timing of his guilty plea—during defense counsel's direct examination of his wife who invoked her Fifth Amendment privilege against self-incrimination—shows that his guilty plea was a "surprise" to both the district court and the parties and was therefore unknowing and involuntary. Such suggestion is purely speculative. Dove is not entitled to an evidentiary hearing because his claim is frivolous, based upon unsupported generalizations, and affirmatively contradicted by the record. *See Martin v. United States*, 949 F.3d 662, 670 (11th Cir. 2020) (concluding that the district court did not abuse its discretion in denying relief without an evidentiary hearing when petitioner's ineffective assistance claims were contradicted by his statements under oath at the plea colloquy); *Cedeno-Gonzales v. United States*, 757 F. App'x 868, 871 (11th Cir. 2018) (same); *Levy v. United States*, 665 F. App'x 820, 823–24 (11th Cir. 2016) (same).

### III. Conclusion

Dove's motion under 28 U.S.C. § 2255 (Civ. Doc. 1) is **DENIED**. The Clerk is directed to enter judgment against Dove, terminate any pending motions and close this case. The Clerk is further directed to enter a copy of this order in the criminal action and terminate the motion at docket entry 245 in the criminal action.

Dove is not entitled to a certificate of appealability. To obtain a certificate of appealability, the petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because Dove fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, he is not entitled to a certificate of appealability or to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on January 8, 2025.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Pro Se Petitioner
Counsel of Record